443 So.2d 1187 (1983)
W.P. BRIDGES, Jr.
v.
CITY OF JACKSON, Ms and Allen R. Yates, et al.
No. 53964.
Supreme Court of Mississippi.
December 7, 1983.
Rehearing Denied January 11, 1984.
Gene A. Wilkinson, James A. Peden, Jr., Stennett, Wilkinson & Ward, Jackson, for appellant.
Harold D. Miller, Jr., Butler, Snow, O'Mara, Stevens & Cannada, David L. Love, Jackson, for appellees.
Before BROOM, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
W.P. Bridges, Jr. has appealed from an order of the Circuit Court of the First *1188 Judicial District of Hinds County, Mississippi, Honorable William F. Coleman, presiding, affirming an order of the City Council of Jackson, Mississippi, which reversed the Jackson City Planning Board, recommending rezoning of certain property belonging to Bridges. Objectors to the rezoning of said property are Allen R. Yates, W.L. Rone and John A. Crawford, who have also filed a cross-appeal here. Bridges has assigned the following errors in the judgment of the lower court:
(1) In refusing to rezone the subject property from a classification of R-2 single-family and two-family residential, to a classification of C-1 restricted commercial, the Jackson City Council acted in an arbitrary, capricious, discriminatory, and unreasonable manner, without any substantial basis in evidence for its decision. The City Council ignored the fact that appellant proved change in the neighborhood and a public need for additional C-1 restricted commercial zoning. The lower court erred in not reversing.
(2) The Jackson City Council, by keeping the subject property in a residential classification, has prevented any reasonable use thereof and has thus engaged in a confiscatory taking in violation of due process of law. The lower court erred in not reversing.
(3) The Jackson City Council erred in basing its refusal to rezone on personal knowledge, without showing in the record any substantial basis for the City Council's decision. The lower court erred in not reversing.
The property involved is 5.581 acres (5-acre tract), which is the remainder of an original 25-acre tract. The larger part of the 25-acre tract has been subdivided and developed into Petit Bois I and II subdivisions and the 5-acre tract is located on the south side of the said 25-acre tract and also is adjacent to three lots in Eastover Subdivision. The 5-acre tract extends approximately five hundred feet along the north side of Lakeland Drive,[1] a main thoroughfare in the City of Jackson, which runs to the Pearl River and crosses into Rankin County as Mississippi Highway # 25.
Originally, the entire 25-acre tract was zoned A-1 and A-2, single-family and double-family residential. In 1974, the twenty-five acres were rezoned R-1 and R-2, single-family and double-family residential. Another classification (C-1) was created, which is a restricted commercial classification for professional office buildings only.
On March 15, 1979, appellant filed an application with the City of Jackson requesting that the 5-acre tract be rezoned from R-2, single family and double-family residential, to C-1, restricted commercial. The application was presented to, and heard by, the Jackson City Planning Board on April 12, 1979, prior to the April, 1979 flood. The City Planning Board unanimously recommended that the property be rezoned C-1  restricted commercial for professional office buildings.
The entire matter was then considered by the Jackson City Council and, on August 28, 1979, the City Council denied the recommendation of the City Planning Board. Appellant appealed the case by special bill of exceptions to the Circuit Court of the First Judicial District, Hinds County, Mississippi, and on April 14, 1982, Judge William F. Coleman affirmed the action of the city council with the following observation:
The record clearly reflects that numerous changes have occurred in the character of the area between the last action of the City Council of Jackson in regard to the zoning classification of the subject property in May, 1976 and its action in this proceeding in 1979. In the opinion of the Court, if the Court were to make a factual determination of this issue, the request for rezoning would probably be granted. However, as noted, such determinations are not for this Court to make, and the Court's determination is limited to a consideration of whether there is *1189 substantial evidence to support the Order of the City Council. For example, notwithstanding changes in the area, the Court recognizes that the Council is clearly authorized to establish boundary lines that will prevent further encroachment into a recognized residential neighborhood, and the Council's use of Lakeland Drive (also Highway 25) as the arbitrary limit is fully justified. The record establishes that there is the required substantial evidence... .
From the order and judgment, appellant has appealed to this Court.
The three assignments of error stated hereinabove will be considered together in this discussion. The real issues here apply to all rezoning cases and are simple after considering the facts of the case. In order to justify rezoning of property, the appellant must prove (1) there has been a substantial change in the character of the neighborhood since 1976, (the date which begins the period under consideration), and (2) a public need exists for additional C-1 restricted commercial zoning, and those essentials must be proved by clear and convincing evidence.[2]City of Oxford v. Inman, 405 So.2d 111 (Miss. 1981); Cloverleaf Mall, Ltd. v. Conerly, 387 So.2d 736 (Miss. 1980); Sullivan v. City of Bay St. Louis, 375 So.2d 1200 (Miss. 1979). Also, the appellate court must examine the record to determine whether the order of the Jackson City Council is arbitrary, capricious, and confiscatory, and whether it is supported by substantial evidence. City of Jackson v. Ridgway, 261 So.2d 458 (Miss. 1972); Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965); Ridgewood Land Co. v. Simmons, 243 Miss. 236, 137 So.2d 532 (1962); Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953).
The evidence introduced before the Jackson Planning Commission consisted of numerous exhibits, photographs, drawings, reports, affidavits, and testimony from an expert witness Houston H. Evans, MAI. Without specifically detailing what that evidence reflected, suffice it to say, the evidence is uncontradicted that the area south of Lakeland Drive and into Rankin County along Mississippi State Highway # 25 has changed greatly since 1976, by a phenomenal growth of business and professional establishments. A similar growth appears along the north side of Lakeland Drive as it extends into Mississippi Highway 25 on the east side of the Pearl River.
The north side of Lakeland Drive from I-55 highway to Ridgewood Road, since 1976 (and prior thereto) has grown and the condition has changed the area into a commercial development. The State of Mississippi owns a large tract of vacant land in the northwest quadrant of Lakeland Drive and Ridgewood Road, and the Research & Development Center is adjacent to it on the north.
Beginning at the northeast quadrant of Lakeland Drive and Ridgewood Road there is located the River Hills Country Club with tennis courts on the east side of the club building. They all join the 20-acre tract on the north. The 5-acre tract lies immediately east of River Hills Country Club and joins the 20-acre tract on the north.[3] Immediately east of the 5-acre tract are low-lying undeveloped areas and marshlands joined on the east by Lakeland Drive Circle. The latter consists of business establishments including a gasoline service station and restaurant.
Houston H. Evans, MAI, expert for appellant, filed a study report of the area and he concluded that there unquestionably has been a substantial change in the character of the neighborhood. He recited in detail the specific commercial improvements and construction in the neighborhood, together with a traffic count on Lakeland Drive, which indicated a substantial volume of business in, and use of, the area. Also, he *1190 detailed the public need for restricted commercial property in the area, particularly the 5-acre tract, for professional office buildings. There is no contradiction in the record as to change in conditions and public need.
The appellees take the position that the growth change is along the south side of Lakeland Drive and into Rankin County, and, therefore, is not a part of the neighborhood; that Lakeland Drive was intended to be, and is, a buffer between the residential and commercial areas; and that the development along the north side of Lakeland Drive is not sufficient to indicate a change.
However, the appellees' principal argument is that the appellant did not meet the burden of proof to establish that the property should be rezoned C-1 and that there was no substantial evidence to support the appellant's case.
Houston H. Evans testified that in order to make the 5-acre tract usable, a four- to six-foot fill would be required over the tract at a cost of not less than $180,000, thus making prohibitive the use of the property for residential development.
Appellant points out in his brief that the effects of the 1979 flood destroyed the use of the property for residential purposes and that a building on the site would necessarily have to be constructed 6 to 8 feet above the surface of the fill in order to escape the floodwater of the Pearl River. Appellees filed a motion to strike that argument of the appellant as not being a part of the record. We decline to strike the objectionable matter but do not consider same. The members of this Court sitting within sight of the Pearl River may take judicial notice of the effects of the 1979 flood on areas within four blocks of their court building; upon areas along Lakeland Drive near the Pearl River, of which the subject property is a part; and the devastating effect upon such properties by the 1979 flood.
We are of the opinion that there was no substantial evidence to support the order of the Jackson City Council in declining to rezone the five-acre tract C-1, restricted commercial, and that the overwhelming evidence indicated that the essentials to require the rezoning were met. The judgment of the lower court, therefore, is reversed and judgment is entered here for rezoning the five-acre tract, C-1, restricted commercial. The cause is remanded to the lower court, thence to the Jackson City Council for further action not inconsistent with this opinion.

CROSS-APPEAL
The appellants filed a cross-appeal seeking to rezone the 20-acre tract from R-2, double-family residential, to R-1, single-family residential. We are of the opinion that such question is not properly before the Court on this appeal, and the judgment of the lower court is affirmed on the cross-appeal.
REVERSED AND RENDERED ON DIRECT APPEAL AND REMANDED TO THE LOWER COURT FOR FURTHER ACTION NOT INCONSISTENT WITH THIS OPINION; AFFIRMED ON CROSS-APPEAL.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
BOWLING, J., not participating.
ROBERTSON, Justice, specially concurring:
I write specially to emphasize my understanding that today's decision here is wholly consistent with what we have said in Woodland Hills Conservation Association, Inc. v. City of Jackson, 443 So.2d 1178 (Miss. 1983), also released this day.
There is, of course, a surface consistency between the two cases. They are consistent in substantive result. In Woodland Hills, a seven-acre tract on the north side of Lakeland Drive is rezoned commercial [C-3]. Here a 5.5-acre tract a mile to the east but also on the north side of Lakeland Drive is rezoned commercial [C-1]. The *1191 naked eye is unable to detect much residential use of land fronting on Lakeland Drive between these two tracts.
More important is our approach to judicial review of the actions of zoning authorities. We have written repeatedly that zoning is a legislative function and that our authority to "tamper" is quite limited. We may vacate the action of municipal zoning authorities only where there is a gross lack of evidence to support that action. In my view, that is what we did not have in Woodland Hills and what we do have here. My review of the record and briefs in the case at bar convinces me that the denial of Bridges' rezoning request was arbitrary, capricious and unreasonable. Indeed, I do not regard the point as "fairly debatable". It is difficult to imagine any rational justification for keeping any property fronting on either side of Lakeland Drive in a residential zoning classification (at least between Interstate Highway 55 on the west and the Rankin County line on the east).
I emphasize my view on one point mentioned in the Circuit Judge's opinion. Judge Coleman recognized that the City Council has the authority to establish a boundary that "will prevent further encroachment into a recognized residential neighborhood." In this the Circuit Judge is correct. In the exercise of its legislative authority, the city council's discretion in fixing such a boundary is no doubt broad. The fact that this boundary, wherever fixed, will inevitably appear arbitrary when viewed in a microcosm, does not negate the authority. Only boundaries drawn which, when viewed in a macrocosmic context, are clearly arbitrary, capricious and unreasonable, are within our power to disturb.
For the reasons explained by Justice Roy Noble Lee in his opinion for the Court, I consider the particular line drawn here by the Jackson City Council macrocismically arbitrary, capricious and unreasonable. As stated above, I do not regard the point as fairly debatable. Accordingly, I join in the opinion and judgment of the Court directing as they do that the zoning classification of the 5.5-acre tract in issue be changed to C-1.
NOTES
[1] This property is different from that involved in Woodland Hills Conservation Association, Inc. v. City of Jackson and H.C. Bailey Company, 443 So.2d 1173, decided this date, and the cases are not related.
[2] The question of a mistake in the original zoning is not pertinent to this case.
[3] Bridges has filed a protective covenant creating a 25-foot buffer zone between the 5-acre tract and the 20-acre tract.