This case concerns rezoning. The Jackson City Council denied a request for rezoning of property located on the northeast corner of the intersection of Terry Road and McDowell Road. The Circuit Court of the First Judicial District of Hinds County reversed the order of the city and ordered the property rezoned. The city brings this appeal.
On February 15, 1984, Randall F. Aldridge and Joseph E. Kirkland, III filed an application to rezone 2.4831 acres of property at the northeast corner of the intersection of McDowell and Terry Roads from an R-1 (single-family) residential classification to a C-2 (limited) commercial classification. There had been three previous attempts to rezone the property, with the requests either withdrawn or denied by the city council. The most recent previous request was denied January 11, 1983.
A public hearing was held on March 8, 1984, by the zoning hearing committee of the city planning board. At its regular meeting on March 28, 1984, the Jackson City Planning Board, by majority vote, recommended that the petition requesting rezoning be denied. Aldridge and Kirkland appealed the recommendation of the city planning board. The city council heard discussion on the matter on May 23, 1984, and by a unanimous vote (3 to 0) approved an order denying the petition of Aldridge and Kirkland.
Appellees appealed the city's order to the Hinds County Circuit Court. Judge William F. Coleman reversed the order of the city order and directed that the subject property be rezoned. We reverse and reinstate the order of the city council.
The legal standards for rezoning and review of rezoning decisions are well established. In order to have the property rezoned, the applicants must establish by clear and convincing evidence that the character of the neighborhood has changed since the date of the last request for rezoning and that a public need exists for rezoning. Northwest Builders, Inc. v. Moore,475 So.2d 153 (Miss. 1985); Mayors and Commissioners v. WheatleyPlace, Inc., 468 So.2d 81 (Miss. 1985); Bridges v. City ofJackson, et al, 443 So.2d 1187 (Miss. 1983); Woodland HillsConservation Association, Inc. v. City of Jackson,443 So.2d 1173 (Miss. 1983); Wright v. Mayor and Commissioners of City ofJackson, *Page 1347 421 So.2d 1219 (Miss. 1982); Cloverleaf Mall, Ltd. v. Conerly,387 So.2d 736 (Miss. 1980). A mistake in the original zoning is also grounds for rezoning but that is not applicable in this case.
In zoning cases on appeal the cause is not tried de novo; the circuit court acts as an appellate court only. Board ofSupervisors of Washington County v. Abide Bros., Inc.,231 So.2d 483 (Miss. 1970). Under this limited scope of judicial review the appellate court must look at the record to determine whether the order of the city council denying the application is arbitrary, capricious and confiscatory and whether it is supported by substantial evidence. Bridges v. City of Jackson, supra.
Neither the circuit court nor the supreme court has power to tamper with a change in municipal zoning otherwise.
The courts will not substitute its judgment as to the wisdom or soundness of the municipality's action. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable. Killegrew v. City of Gulfport,293 So.2d 21 (Miss. 1974); Currie v. Ryan, 243 So.2d 48 (Miss. 1970).
In Board of Alderman of Town of Bay Springs v. Jenkins,423 So.2d 1323 (Miss. 1982) the court further emphasized the unique role of city officials in rezoning decisions:
 In rendering the municipal order, the Mayor and Board of Alderman were authorized to consider the statements expressed by all the landowners at the hearing, as well as to call upon their own common knowledge and experience in their town. It is manifest that the Mayor and Board took into consideration all statements, both sworn and unsworn, and their common knowledge and familiarity about their small community, in reaching their decision. We believe this method to be sound and practical, and courts should respect such findings unless they are arbitrary, capricious and unreasonable.
 423 So.2d at 1327-1328.
The subject property is presently vacant and lies south of Kimbrough Heights, a single-family residential subdivision. Immediately across Terry Road from the property is Pine Hills, another single-family residential subdivision. The appellants sought to rezone the property in order to construct a small shopping center at the location.
On the opposite side of McDowell Road is the area of commercial development. This area has a mixture of commercial zoning and includes two existing shopping centers, Greenbriar and Southgate Shopping Centers. Three blocks north of the subject property is Jackson Square Shopping Center.
The zoning hearing committee, the fact-gathering agency in the city zoning procedure, at its hearing received testimony from Randall Aldridge, one of the owners of the property, and from owners of property in the area, the report of the city zoning committee staff and the report and study compiled by a professional real estate planning consultant hired by the appellants.
The city's professional staff remained constant with their previous opinion that there was no community need for additional commercial property in the area. The staff could find no significant change in the land use since the last rezoning request. Because they were of the opinion that the area is overzoned for commercial uses they could not recommend approval of the request.
In sharp contrast was the report of the appellant's real estate consultant. He felt that there had clearly been a change in the character of the neighborhood since the most recent zoning decision of the property. He also concluded that there was a community need for the rezoning.
In reversing the council's decision, the circuit court was of the opinion that the city arbitrarily used McDowell Road as the northern boundary of commercial development and that the staff study erred in considering the many vacancies in the Jackson Square Shopping Center in evaluating *Page 1348 
whether there was public need for additional commercial development. The court was also critical of the staff study discussion of existing traffic problems and anticipated additional problems should the shopping center be built. The court questioned whether the report of the professional staff was substantial evidence to support the council's order. The court apparently gave great weight to the report of the real estate consultant in reaching its decision.
In this case the lower court has substituted its judgment for that of the city council where there was conflicting opinion. There was no clear and uncontradicted evidence of change in the character of the area between the last action of the city council in regard to the zoning classification of the property and its action in this proceeding. The evidence of public need was equally inconclusive.
Based on our limited review powers and careful consideration of the record, we find that the action of the city council was not arbitrary, capricious and confiscatory and supported by substantial evidence. We reverse the holding of the circuit court and reinstate the order of the city council denying the rezoning request.
REVERSED AND RENDERED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, J., not participating.