511 So.2d 902 (1987)
Suzanne N. SAUNDERS
v.
CITY OF JACKSON, Mississippi.
No. 56439.
Supreme Court of Mississippi.
July 15, 1987.
*903 James A. Peden, Jr., Stennett, Wilkinson & Ward, Jackson, for appellant.
Gay Dawn Horne, Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and GRIFFIN, JJ.
DAN M. LEE, Justice, for the court:
At issue in the present case is the proper zoning classification to be applied to the property at 4630 Old Canton Road in the City of Jackson. The property is presently zoned R-1A Single-Family Residential. Suzanne N. Saunders, the appellant, is seeking to rezone the property to a classification of C-1A Restricted Commercial for the purpose of locating her law office there. The Jackson City Council denied her application to rezone and the Circuit Court of the First Judicial District of Hinds County affirmed that denial. Mrs. Saunders appeals assigning the following errors:
I. In refusing to rezone the subject property from a classification of R-1A Single Family Residential to a classification of C-1A Restricted Commercial, the Jackson City Council acted in an arbitrary, capricious, discriminatory, and unreasonable manner, without any substantial basis in evidence for its decision. The City Council ignored the fact that the appellant proved change in the neighborhood and a public need for C-1A Restricted Commercial rezoning. The Circuit Court erred in not reversing on this point.
II. The Jackson City Council, by keeping the subject property in a residential classification, has effectively prevented any reasonable use thereof and has thus engaged in a confiscatory taking in violation of due process of law. The Circuit Court erred in not so finding.
III. The Circuit Court erred in finding that the rezonings on the east side of Old Canton Road south of the subject property were "immaterial" to the present case *904 and that the decision of the City Council was at least fairly debatable.
We affirm.

FACTS
We deal here with the question of whether the City of Jackson properly denied a request to rezone a parcel of property located in northeast Jackson.
The property at issue is a two-story colonial brick home of the former Governor Ross R. Barnett containing 7,000 square feet of floorspace, and was built in 1964. The appraised value of the property on July 5, 1982 was $355,000. However, because Governor Barnett is a man of advanced years who is in ill health, it became necessary in late 1983 for him to move from his home at 4630 Old Canton Road into a nursing care facility. The Barnett home has now been vacant for some time; it is deteriorating and the cost of renovation needed to make the house a suitable residence has been estimated at $55,000.
The home was listed with a realtor on August 6, 1982, however, no residential buyers were forthcoming. The reasons behind the lack of potential buyers was the focal point of the request for rezoning.
At the time the rezoning request was heard, appellant Suzanne N. Saunders held an option to purchase the subject property, the option being dependent upon the rezoning of the property to a classification of C-1A Restricted Commercial.[1] This classification, which was placed into the Zoning Ordinance of the City of Jackson by a 1980 amendment, allows professional office and limited retail uses within a renovated residential structure, but the residential character of the exterior must be maintained. At a public hearing, Mrs. Saunders outlined her plans to comply with these restrictions if the rezoning was granted.
There is considerable development on commercially zoned property on the west side of Old Canton Road. Southwest across Old Canton Road from the subject property and within easy view are Maywood Mart and Highland Village, two of the busier shopping areas in the City of Jackson. A short distance to the north of the subject property, on the side of Old Canton Road opposite the subject property, is the LeFleur Square area containing numerous recently constructed professional offices. Included in this intense development is a complex called One LeFleur Square. Mrs. Saunders' office at the time this application was heard was in this complex, not far from the Barnett property. There is more intensive commercial development further north and west.
Immediately west, across Old Canton Road from the Barnett property, is Maywood Subdivision, which is bounded on three sides by the commercially zoned areas mentioned and bounded on the east by Old Canton Road.
Immediately behind and to either side of the Barnett property is property zoned R-1A Single Family Residential. However, in the protracted area north along the east side of Old Canton Road, the same side on which sits the Barnett property, there are areas zoned for multi-family residential and general commercial uses.
To the south of the Barnett property, along the east side of Old Canton Road, the R-1A Single Family Residential Zone extends south of Northside Drive for a distance and from there moving south begins a Multi-Family Residential zoned area. One exception to the residential zone bordering the Barnett property on three sides is a special use exception granted the owners of property only two lots to the south along the east side of Old Canton Road. This is the lot located at the corner of Northside Drive and Old Canton Road. On December 11, 1975, Lynton B. Cooper Associates, P.A., Architects, was granted a special use exception to operate an office in a residence on this property. This exception is not a rezoning, it must be annually renewed and is non-transferable. The renewal *905 was granted continually through the time this application was heard.
Traffic around the Barnett property is relatively dense. The Mississippi State Highway Department is building a flyover to Interstate Highway 55 connecting Old Canton Road with the West Frontage Road, thereby allowing direct access from Old Canton Road to the Southbound lane of I-55.
The appellant filed her rezoning application and required supporting documents on May 15, 1984.
The City Zoning Department received letters from area residents both in support of and in opposition to the application. Dr. J. Daniel Mitchell filed a formal objection and response to the application through his counsel. Mitchell lives at 4645 Jiggets Road, just behind and to the northeast of the Barnett property.
After a delay, the Zoning Committee conducted an administrative hearing on July 12, 1984.
The applicant's attorney outlined the background of the case, introduced photographs of the subject property and the general neighborhood, and explained what Mrs. Saunders perceived to be extensive change that had occurred in the general area since 1974. Mrs. Saunders then explained why she wanted to purchase the home and outlined her plans for improvement. She also presented a petition in support of her rezoning application signed by 90 persons in the general neighborhood.
Houston H. Evans, M.A.I. also testified on behalf of the application as a zoning expert. To supplement his testimony, he presented a detailed written analysis of the subject property and the neighborhood. The written analysis discussed at great length the changes in the neighborhood. Most of these changes involved construction on property previously zoned commercial in the area of LeFleur Square.
Evans' analysis determined that there was a public need for C-1A Restricted Commercial property in this neighborhood, particularly since there is no property in this specific classification presently in the neighborhood. Mr. Evans also discussed that the subject property suffered from "external obsolescence." Among his expert conclusions were that "the general welfare of all the citizens of the City of Jackson would best be served by the granting of the petitioned request" and that "the best interest of the neighborhood specifically would be served in the granting of the change from R-1A to C-1A." Evans stated that the requested restrictive classification would not adversely affect the neighborhood.
At the conclusion of the presentation on behalf of the applicant, five residents of the general area presented their testimony in opposition to the proposed rezoning. The objectors concluded by presenting a petition signed by roughly 70 persons objecting to the rezoning.
The Zoning Hearing Committee heard from the City Zoning Administrator, Bill Hardin, that the rezoning application should be denied. Hardin presented the City Planning Board staff's findings and stated they felt the application should be denied because a commercial rezoning on the east side of Old Canton Road would set a bad precedent and conflict with the city's future land use plan. Hardin stated that the house next to the Barnett property going south down Old Canton Road had been renovated, that commercial development on the west side of Old Canton Road was in conformance with the city's future land use plan, and therefore did not represent a significant land use change.
At the conclusion of the hearing, the Zoning Committee, the fact-finding body of the City Planning Board, voted to recommend that Mrs. Saunders' application be denied. The Committee concluded that Mrs. Saunders "had failed to prove a community need for additional commercial property in the area or prove that a significant change in the land use character of the area had taken place." The Zoning Committee further concluded that the proposed rezoning application was inconsistent with the City's Future Land Use Plan.
On July 25, 1984, the City Planning Board accepted the recommendation of its *906 Zoning Committee and, by a vote of 6 to 2, voted to recommend denial of the requested rezoning.
The Jackson City Council's Order endorsed the conclusions of the Zoning Committee and Planning Board by stating that "the petitioner has failed to prove a community need for additional commercial property in the area and has failed to prove a significant change in the planned use character of the area, and... the request is inconsistent with the City's adopted Future Land Use Plan... ."
Aggrieved by the decision of the Jackson City Council, Mrs. Saunders, acting pursuant to the provisions of § 11-51-75 of the Mississippi Code of 1972, filed a Bill of Exceptions on September 14, 1984, for the purpose of appealing the City Council's action to the Circuit Court of the First Judicial District of Hinds County.
The parties submitted briefs and then presented oral arguments to the circuit court on March 8, 1985. The circuit court judge rendered an opinion and then entered an order dated April 11, 1985 affirming the action of the Jackson City Council in denying the requested rezoning.

DISCUSSION OF LEGAL ISSUES

I.
Was the Jackson City Council Arbitrary, Capricious and Unreasonable in Denying the Requested Rezoning?
Before property is reclassified from one zone to another there must be proof either, (1) that there was a mistake in the original zoning or, (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning.
Broadacres, Inc. v. City of Hattiesburg, 489 So.2d 501, 503 (Miss. 1986); City of Jackson v. Aldridge, 487 So.2d 1345 (Miss. 1986). Either of these propositions must be proven by clear and convincing evidence, Broadacres, 489 So.2d at 503; Mayor and Commissioners v. Wheatley Place, Inc., 468 So.2d 81 (Miss. 1985); Cloverleaf Mall, Ltd. v. Conerly, 387 So.2d 736 (Miss. 1980).
In this case there is no allegation that the area was mistakenly zoned, so Mrs. Saunders must show that the neighborhood character has changed and that a public need existed for the requested rezoning.
However, this Court does not review the evidence as it would sitting in review of a civil trial. See Thrash v. Mayor and Comm'rs. of the City of Jackson, 498 So.2d 801 (Miss. 1986). A "fairly debatable" decision will be affirmed. Id.
"Fairly debatable" is the antithesis of arbitrary and capricious. If a decision is one which could be considered "fairly debatable," then it could not be considered arbitrary or capricious, although we continue to use both standards. See Thrash, 498 So.2d at 805-06; Broadacres, Inc. v., City of Hattiesburg, 489 So.2d 501, 503, 505 (Miss. 1986).
This standard of review (arbitrary and capricious) is a reflection of this Court's position that zoning decisions are legislative in nature. Thrash, 498 So.2d at 805. Applying our standards to the case at hand requires us to affirm the decision of the Jackson City Council.
Preserving an existing residential area is a valid city goal. See Bridges v. City of Jackson, 443 So.2d 1187, 1191 (Miss. 1983) (Robertson, J., specially concurring). See also, Mayor and Commissioners of the City of Jackson v. Wheatley Place, Inc., 468 So.2d 81, 83 (Miss. 1985). We cannot say that the Jackson city fathers were arbitrary, capricious or unreasonable in drawing and maintaining a line at Old Canton Road past which commercial development may not go.
With that said, we hasten to take note that this case presents a close question. What makes this decision particularly difficult is that the City of Jackson may have imposed too great of a burden on Mrs. Saunders in finding that she demonstrated no need for commercial property generally when we deal here with a specific C-1A restricted use.
Surely the restricted commercial zone for refurbished residences is tailor-made for former Governor Barnett's vacant home. These types of large homes add value to any neighborhood, and builders and owners should not be discouraged from establishing *907 stately homes because a zoning classification designed specifically to help preserve their structures turns out to be unavailable.[2]
We do not reverse on this point for we find the city's decision to be reasonable as preserving an established neighborhood. However, the city in the future might consider this particular classification as separate unto itself rather than as only a commercial classification.
No doubt on this record the city fathers would have been justified in granting the requested rezoning. However, it is equally clear there was presented substantial evidence to support the decision made by the Jackson City Council. Where, as here, there is substantial evidence supporting both sides of a rezoning application, it is hard to see how the ultimate decision could be anything but "fairly debatable," not "arbitrary and capricious," and therefore beyond our authority to overturn.

II.
Did the Denial of the Requested Reclassification Effectively Prevent Any Reasonable Use, Thus Amounting to a Confiscatory Taking in Violation of Due Process of Law?
Under this assignment, Mrs. Saunders argues that denying her request effectively confiscated the property by preventing any reasonable use.
This Court has identified the issue of confiscatory takings by zoning restrictions as intertwined with its review of whether the zoning decision is arbitrary, capricious or unreasonable, or whether it was fairly debatable. See Thrash v. Mayor and Com'rs of City of Jackson, 498 So.2d 801, 805-807 (Miss. 1986); Bridges v. City of Jackson, 443 So.2d 1187, 1189 (Miss. 1983). As such, what was said under Point I leads us to find no reversible error here.[3]

III.
Did the Circuit Court Err in Finding That Rezonings South of The Barnett Property Were "Immaterial" to the Requested Rezoning Application?
Here Mrs. Saunders argues that rezoning requests granted for areas south of the Barnett property along Old Canton Road were pertinent to the changed conditions in the Barnett property neighborhood. We agree with the circuit court that these reclassifications, under the present circumstances, were peripheral developments, having only indirect bearing on changes in the neighborhood surrounding the Barnett property.
There being substantial evidence to support the decision of the Jackson City Council, the Council's decision denying rezoning of the parcel at 4630 Old Canton Road from single family residential to commercial restricted zoned property is hereby affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] At oral argument counsel for Mrs. Saunders acknowledged that she subsequently purchased the house under a revised agreement.
[2] The ordinance establishing the C-1A classification states that its purpose

[I]s to provide relatively quiet, attractive and spacious areas for the development of non-retail commercial uses and, within renovated residential structures, restricted retail commercial uses. Uses permitted in this district shall be the same as the C-1 Restricted Commercial district [which allows professional occupations and other type office activity in which there is kept no stock in trade or merchandise for sale and which offers only a service to the general public] except restricted retail uses such as small specialty shops, art galleries, studios and other compatible retail uses which are limited in size and scope of operation are permitted, but only within renovated residential structures. This district is intended to encourage high-quality office park type development and the restoration of residential structures for restricted retail use. It is the intent of this ordinance that such renovation and proposed use for restricted retail purposes shall not change the residential character of the exterior of the structure.
[3] We find nothing in Nollan v. California Coastal Commission, ___ U.S. ___, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), which requires a different result.