755 So.2d 1154 (1999)
Frank W. BURDINE, Appellant,
v.
CITY OF GREENVILLE, Mississippi, Appellee.
No. 98-CC-00664-COA.
Court of Appeals of Mississippi.
June 8, 1999.
Rehearing Denied August 24, 1999.
*1155 Nathan P. Adams Jr., Greenville, Attorney for Appellant.
G. Kenner Ellis, Jr., Greenville, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
*1156 BRIDGES, J., for the Court:
¶ 1. Frank W. Burdine (Burdine) applied to the City Council of the City of Greenville, Mississippi to rezone his property from a classification of R-2, single family dwelling, to a classification of C-2, light commercial, in order to open a medical facility. The Council denied his request, and Burdine appealed the decision to the Circuit Court of Washington County, Mississippi. The circuit court affirmed the decision of the City Council. Aggrieved, Burdine appeals asserting the following issues: (1) the Council acted in an arbitrary, capricious, discriminatory, and unreasonable manner; (2) the denial of the Council amounts to a confiscatory taking and violates due process of law; and (3) the decision of the Council is contrary to the zoning ordinances of the city, other decisions of the Council, and other zoning on the street at issue. Finding no reversible error, we affirm.

FACTS
¶ 2. Burdine is a long time real estate developer in Greenville, Mississippi. In 1993, he began a residential development project, and the City of Greenville approved a subdivision plat for the northern portion of the development. This area consisted of approximately eight acres and is known as Colorado River Oakes. Burdine constructed twenty residences in this subdivision. In 1994, the City Planning Commission approved a subdivision plat for the southern portion of the development. Burdine planned to develop twenty-four residential lots in the eight-acre southern tract. This subdivision was to be known as Colorado River Oaks II. Both properties are located on the west side of Colorado Street, a major four lane thoroughfare in the City of Greenville. Burdine now seeks this residential property in Colorado River Oaks II to be rezoned to light commercial. The east side of Colorado Street has been commercially developed by various businesses, but the west side has remained residential except for property rezoned for a medical facility. Burdine requested that the City rezone his property in order to accommodate the development of other medically related facilities. The City Planning Commission denied Burdine's request to rezone, and the City Council upheld this denial. Burdine appealed to the Circuit Court of Washington County, and the circuit court affirmed the City Council's decision. Aggrieved, Burdine has perfected this appeal.

ARGUMENT AND DISCUSSION OF LAW

I. IN REFUSING TO REZONE THE SUBJECT PROPERTY FROM A CLASSIFICATION OF R-2, SINGLE FAMILY DWELLING, TO C-2, LIGHT COMMERCIAL, THE CITY COUNCIL OF THE CITY OF GREENVILLE ACTED IN AN ARBITRARY, CAPRICIOUS, DISCRIMINATORY, AND UNREASONABLE MANNER, WITHOUT ANY SUBSTANTIAL BASIS IN EVIDENCE FOR ITS DECISION. THE CITY COUNCIL IGNORED THE FACT THAT BURDINE PROVED BY CLEAR AND CONVINCING EVIDENCE A CHANGE IN THE NEIGHBORHOOD AND A PUBLIC NEED FOR ADDITIONAL C-2 COMMERCIAL ZONING.
¶ 3. Our law is well settled that before a zoning board reclassifies property from one zone to another, there must be proof either (1) that there was a mistake in the original zoning, or (2)(a) that the character of the neighborhood has changed to such an extent as to justify reclassification and (b) that there was a public need for rezoning. Board of Aldermen v. Conerly, 509 So.2d 877, 883 (Miss.1987). Both zoning and rezoning are legislative rather than judicial matters. Luter v. Hammon, 529 So.2d 625, 628 (Miss.1988). On appeal, "the order of the governing body may not be set aside unless it is clearly shown to be arbitrary, capricious, discriminatory, or is illegal, or without a substantial evidentiary *1157 basis." Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991). This Court has no authority to disturb the decision of the zoning board if the controversy is "fairly debatable." Saunders v. City of Jackson, 511 So.2d 902, 906 (Miss.1987).
¶ 4. In the case sub judice, Burdine argues that the City Council's decision was arbitrary, capricious, discriminatory, and unreasonable. Burdine contends that he proved by clear and convincing evidence that the character of the neighborhood had changed to justify rezoning and that a public need exists to rezone. Burdine specifically lists businesses such as the Greenville Clinic, the Colorado Street Church, the YMCA, the Masonic Lodge, the American Legion, the Cottonwood Apartments, and the Washington County Baptist Association as examples of properties in the area that have been rezoned for commercial use. The City of Greenville argues that Burdine originally planned and intended to use the property for residential purposes, and he failed to show any substantial change or a public need to rezone. The City also contends that their decision was "fairly debatable" and therefore must be upheld. As stated in Luter, "the `fairly debatable' standard applies to the legislative questions whether there has been a change in the character of the neighborhood and whether there is a public need for rezoning." Luter, 529 So.2d at 628. If these two questions before the City Council may be said to be fairly debatable, the decision made by the Council must be allowed to stand whether it is for or against the proposed rezoning. Id.
¶ 5. In this case, Burdine presented evidence that the City Council had allowed commercial rezoning for various businesses. Burdine specifically pointed out that on June 5, 1996, the Circuit Court of Washington County rendered an opinion styled Robert E. Johnson v. City of Greenville, Cause No. CI96-0043(S), and relying on this opinion, the City Council found that there was a public need for an orthopedic clinic. After determining that a public need existed, the City Council rezoned the property adjacent to the Burdine property. Citing Faircloth v. Lyles, the City of Greenville contends that the Council relied on their common knowledge and familiarity with the area in making their determinations about rezoning. Faircloth, 592 So.2d at 943. The record shows that the members of the City Council acknowledged that the homeowners in the area were opposed to the commercial rezoning on the west side of Colorado Street. The City Council took into consideration that they had previously allowed rezoning on the adjacent property, but they also considered that Burdine originally planned to use the property for residential development and that the subject property was essentially surrounded by residentially zoned subdivisions.
¶ 6. After reviewing the evidence, the City Council made a decision to deny Burdine's rezoning request. The record shows that the City Council would have been justified in granting the requested rezoning since there was evidence presented showing that certain properties in the area had already been rezoned for light commercial use. However, there was also substantial evidence presented to support the decision by the City Council to deny the rezoning application. Preserving the residential zoning of an established neighborhood is a valid city goal. Saunders, 511 So.2d at 906. The City Council is also allowed to use its knowledge and familiarity of the neighborhood in making its decision. Faircloth, 592 So.2d at 943. As in this case, when there is substantial evidence supporting both sides of a rezoning application, the decision must be said to be "fairly debatable." Saunders, 511 So.2d at 906. Because this decision is "fairly debatable" it is not arbitrary, capricious, discriminatory, or unreasonable and is beyond our authority to overturn. Faircloth, 592 So.2d at 943. Therefore, we find this issue to be without merit.

II. THE CITY COUNCIL OF THE CITY OF GREENVILLE BY KEEPING *1158 THE SUBJECT PROPERTY IN A RESIDENTIAL CLASSIFICATION, HAS PREVENTED ANY REASONABLE USE THEREOF AND HAS THUS ENGAGED IN A CONFISCATORY TAKING IN VIOLATION OF DUE PROCESS OF LAW.
¶ 7. Burdine argues that because the decision of the City Council is contrary to other decisions approved by the Council, the Council is effectively treating his property differently from other properties similarly situated in the area. Burdine contends that this treatment is a denial of due process of law and amounts to a confiscatory taking without payment of due compensation which is contrary to Miss. Const. art. 3, § 17 (1890) and the U.S. Const. amends. V & XIV. The Mississippi Supreme Court has held that "the issue of confiscatory takings by zoning restrictions [is] intertwined with its review of whether the zoning decision is arbitrary, capricious, or unreasonable, or whether it was fairly debatable." Saunders, 511 So.2d at 907, citing Thrash v. Mayor and Com'rs of City of Jackson, 498 So.2d 801, 805-807 (Miss. 1986); Bridges v. City of Jackson, 443 So.2d 1187, 1189 (Miss.1983). In Saunders, the Mississippi Supreme Court found the decision to be "fairly debatable" and accordingly found that denying the rezoning request did not amount to a confiscatory taking. Id. As discussed in Issue I, we have found that the decision by the City Council of Greenville denying Burdine's rezoning request was "fairly debatable." Accordingly, we find that this decision did not amount to a confiscatory taking, and therefore, this issue is without merit.

III. THE CITY COUNCIL OF THE CITY OF GREENVILLE ERRED IN BASING ITS REFUSAL TO REZONE ON PROMISES AND/OR COMMITMENTS MADE TO PROPERTY OWNERS THAT NO REZONING WOULD OCCUR ON THE WEST SIDE OF COLORADO STREET, CONTRARY TO THE ZONING ORDINANCES OF THE CITY OF GREENVILLE, THE ABRAHAM-GOBER DECISION OF THE COUNCIL, AND OTHER ZONING THAT HAS OCCURRED ON THE WEST SIDE OF COLORADO STREET, AND MISSISSIPPI LAW.
¶ 8. Burdine argues that the decision of the City Council should not be based on commitments to the homeowners by the Council members. Burdine further argues that the Council erred because it had previously allowed rezoning for properties that are identical and similarly situated to his property. As discussed in Issue I, as long as the decision of the City Council is "fairly debatable," this Court can not overturn that decision. Faircloth, 592 So.2d at 943. Since we have found the decision of the City Council of Greenville to be "fairly debatable," we therefore find that this issue is also without merit.
¶ 9. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.