LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. In 2008, B & B Enterprises requested a change in the zoning of a parcel of land on Dantzler Road in Jackson County, Mississippi. B & B asked for the property to be rezoned from R-1A, single-family dwelling, to R-4, high-density residential.[1] The Jackson County Planning Commission denied the request. B & B appealed the decision to the Jackson County Board of Supervisors. At the hearing before the Board, B & B downgraded its request and asked that the property be rezoned from R-1A to R-2, multi-family dwelling. The Board granted the request with a four-to-zero vote.
¶ 2. Crystal Hayes, Carole Mize, and Amber Hesler, residents of the surrounding area, appealed the decision to the Jackson County Circuit Court. Hayes, Mize, and Hesler asserted that the decision of the Board was not supported by substantial evidence and that concerned residents were excluded from the hearing. The Board denies that anyone was prevented from attending the hearing. The circuit court reversed the decision of the Board.
¶ 3. The Board now appeals, arguing that its decision to rezone the subject property was not arbitrary or capricious and was supported by substantial evidence.
STANDARD OF REVIEW
¶ 4. This Court will not disturb an administrative agency’s findings “unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.” Johnson v. Miss. Employment Sec. Comm’n, 767 So.2d 1088, 1090 (¶ 7) (Miss.Ct.App.2000) (citing Sprouse v. Miss. Employment Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994)).
*811 DISCUSSION
¶ 5. According to the Jackson County Zoning Ordinances, an application for rezoning must show one of the following criteria by clear and convincing evidence: (1) “there was a mistake in the original zoning,” or (2) “[t]he character of the neighborhood has changed to such an extent to justify rezoning.” In addition to one of the above criteria, the applicant must show “that a public need exists for rezoning.” B & B’s request falls under the second criteria.
¶ 6. B & B sought for its three-acre property on Dantzler Road in the Latimer community to be rezoned to allow for duplexes. In support of its request for rezoning, B & B asserted: (1) there were numerous duplexes in the area; (2) the area had grown substantially; (3) there was a great influx of people moving to the area after Hurricane Katrina; and (4) a nearby road was widened to accommodate increased traffic flow. As to public need for a higher-density residential area, B & B cited to the increased need for multi-unit housing after Hurricane Katrina due to higher building costs, higher insurance costs, and the need for additional housing.
¶ 7. Duplexes have been constructed on nine lots on Dantzler Road. A special exception was granted for their construction; however, the property went into foreclosure after the duplexes were constructed. At the time of the hearing, the duplexes were vacant. A mobile-home park exists in the area; however, that area is zoned R-4. The mobile-home park is not directly adjacent to Dantzler Road. Also, there was testimony that the mobile-home park was set up as a temporary measure after Hurricane Katrina.
¶ 8. The surrounding property owners assert that the area has not changed to such an extent as to justify rezoning the area to R-2. They assert that the property is not in a densely populated area; the property is open, undeveloped land; and most of the neighboring property owners each own several acres of land. They also assert that road conditions are such that an increase in traffic would not be practical. Residents testified that parts of Dantzler Road were not regularly maintained by Jackson County, and the street was so narrow that it was difficult for two cars traveling in opposite directions to pass. The residents also expressed concerns about garbage collection and mail delivery. One resident testified that because of the nature of the street, all the residents’ garbage cans and mailboxes were placed in front of one house. The residents objected to the addition of multifamily dwellings in an area that was already congested.
¶ 9. In finding that the Board’s decision was arbitrary and capricious, the circuit court found that there was “no substantial evidence supporting a material change in the character of the neighborhood to justify the zoning change request on the property that is the subject of this cause.” We agree with the circuit court’s decision. In general, a municipal governing board’s decision to zone or rezone is a legislative function and is presumed to be valid. Barnes v. Bd. of Supervisors of DeSoto County, 553 So.2d 508, 510 (Miss.1989); Burdine v. City of Greenville, 755 So.2d 1154, 1156 (¶ 3) (Miss.Ct.App.1999). However, we cannot find evidence in the record to support the Board’s finding that the character of the neighborhood had changed such that rezoning was justified.
¶ 10. B & B’s argument to the Board centered around the changing needs of the area due to the impact of Hurricane Katrina. While there is no question that Hurricane Katrina has affected the public need of residents in the coastal area, we find that B & B failed to demonstrate a change *812 in the Dantzler Road area and Latimer community. Before the issue of public need is reached, it must be proven that “[t]he character of the neighborhood has changed to such an extent to justify rezoning.” We find that the Board’s decision to rezone the property was arbitrary and capricious. The judgment of the circuit court reversing the Board’s decision is affirmed. This issue is without merit.
¶11. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.

. The area had been rezoned from R-l, a more restrictive single-family zoning district, to R-1A by B & B's request in 2006.