608 So.2d 1338 (1992)
Daniel A. BARBER
v.
Emma Lou BARBER.
No. 90-CA-0096.
Supreme Court of Mississippi.
September 10, 1992.
Rehearing Denied December 3, 1992.
E. Foley Ranson, Sadler Ranson & Bordis, Ocean Springs, for appellant.
Emma Lou Barber, Pro Se, Baton Rouge, La., for appellee.
Before DAN M. LEE, P.J., and BANKS and PITTMAN, JJ.
BANKS, Justice, for the Court:
In this divorce litigation the husband, Daniel Barber asks that we determine whether his former spouse may retain a percentage of his funds which had been incorporated into her profit-sharing account. The funds had been acquired by Daniel as damages resulting from an unlawful termination suit against a past employer and were placed in the account with the husband's permission. We are also presented with the issue of whether a spouse can be awarded a sum towards her attorney's fees where she did not pray for such relief in her pleadings.

*1339 I.
This case is on appeal from the Jackson County Chancery Court where the Honorable Kenneth Robertson granted a divorce to Emma Lou Barber (Emma Lou) against Daniel A. Barber (Daniel) on the grounds of habitual cruel and inhuman treatment on October 6, 1988. On November 7, 1986, Emma Lou filed her complaint for divorce against Daniel alleging as grounds, habitual cruel and inhuman treatment or in the alternative, irreconcilable differences. She sought, in addition to a divorce custody of their minor child, child support and settlement of property, including the savings accumulated by the parties.
Daniel filed his answer in which he alleged affirmatively that he received a settlement from his ex-employers, Gulf Publishing Company, as a result of an employment rights' lawsuit. He alleged that he placed $12,400 of the proceeds into Emma Lou's employee profit-sharing plan to take advantage of a favorable interest rate. Daniel requested that Emma Lou be ordered to return the funds to him. Emma answered denying the claim.
The court awarded Emma Lou a divorce, custody and child support. It ordered Emma Lou to return to Daniel the sum of $8,000 plus interest, representing the unused balance of the $12,400 deposited into the profit-sharing account. In addition, Daniel was ordered to pay $525 towards attorney's fee incurred by Emma Lou.
Subsequently, Emma Lou filed a Motion for Reconsideration expressing her dissatisfaction with the rulings by the Chancellor regarding the amount of child support, as well as, the order forcing her to pay $8,000. The chancellor, on December 19, 1989, overruled that motion and reaffirmed as final the judgment of November 28, 1989. On January 4, 1990, William Myers successfully withdrew as counsel for Emma Lou Barber. On January 18, 1990, Daniel filed his appeal to this Court, assigning as error two issues: the failure to require reimbursement of the balance of the $12,400 and the award of attorney's fees.

II.
Apparently, the stenographic notes and tapes were lost in this case. The court reporter has failed to acknowledge receipt of designation of the record, See Miss. S.Ct.R. 11(c), or otherwise respond to repeated correspondence from this Court. The record does not reflect any efforts on the part of Daniel to secure a transcript or to ascertain a reason for the failure of the court reporter to respond.
Daniel filed a Statement of the Evidence in accordance with Rule 10, Miss.Sup.Ct.R., on August 22, 1991. When an aggrieved party wishes to file an appeal to this Court, and the trial record or transcript is unavailable, the rule provides that a statement of the evidence be filed. The rule contains a sixty-day filing requirement. Miss.S.Ct.R. 10. In other words, Daniel had sixty days after he filed his appeal to this Court in which to file the statement of the evidence. Daniel failed to comply with this requirement by filing his statement, some one year, seven months, and four days after his notice of appeal to this Court.
The rule also mandates that notice of filing of the statement of the evidence be served simultaneously on the filing party's adversary. Daniel mailed a certificate of service to John Sharp of Baton Rouge, Louisiana. John Sharp has never appeared as an attorney of record in this or the court below. The file of this Court contains a letter from Mr. Sharp to the effect that he represented Emma in Louisiana, but not in Mississippi. Nevertheless, he indicated that correspondence in this matter should be directed to him. Emma did not sign the letter or otherwise indicate that she had authorized Sharp to so direct service in this matter. The record reveals that all papers served in accordance with this appeal were served upon Sharp.
Daniel's brief was timely filed on October 10, 1991. On November 7, 1991, Emma filed a letter with this court indicating that she was unable to afford counsel for this matter, but that she opposed Daniel's request for relief.

*1340 III.
Ordinarily, where a party fails to file a brief on appeal, we take the issues raised by the opposing party as confessed. Price v. Price, 430 So.2d 848 (Miss. 1983). In matters of child custody and support, however, in the absence of an appellee's brief, our practice is to make a special effort to review the record for support for affirmance. Sparkman v. Sparkman, 441 So.2d 161 (Miss. 1983); Garceau v. Roberts, 363 So.2d 249 (Miss. 1979). While this matter does not involve custody or support directly, it does arise out of a suit wherein those issues are of concern and its resolution affects the economic balance between the non-custodial and the custodial parent. Accordingly, we review the record.

IV.
The first issue concerns the record itself and what, if any, effect we give to the fact that the statement of evidence was not filed or served in a timely manner and the fact that no service has been had on the party or her attorney of record.
Miss.R.Civ.P. 5(a) provides for service of notice. "[E]very written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper shall be served upon each of the parties." The rule provides further:
Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon party himself is ordered by the court.
Miss.R.Civ.P. 5(b). Similarly, Miss.S.Ct.R. 25(b) provides that copies of all papers be served on all other parties and there, service upon counsel for a party is sufficient.
While it is clear that service on a party's attorney is sufficient, it is equally clear that service upon one not the attorney for the party is not. See Sonus Corp. v. Matsushita Elec. Indus. Co., (D.C.Mass. 1974) 61 F.R.D. 644 (Attorney served by mail under 5(b) must actually represent the party on whom service is attempted. Service on a bankruptcy trustee's attorney does not constitute service on the bankrupt himself.) see also In re Kwelman, D.C.N.Y. 1939, 31 F. Supp. 23 (A notice is validly served on an attorney, only if that attorney represents the party in the proceeding for which notice is given; prior representation in a related state action will not suffice.)
In light of the foregoing principles, it is obvious that notice of filing of the statement of evidence was not properly served on Emma Lou. It follows that we should not treat the statement of evidence as properly before the Court. Moreover, the statement was hardly filed in a timely manner, increasing the possibility that it is inaccurate or incomplete in some significant way.
Without a record upon which to assess Daniel's claimed error, we are compelled to affirm. Fountain v. Pickle, 254 So.2d 769 (Miss. 1971). We are not dealing with an instance wherein no record was made through no fault of the complaining party. Cf. Journey v. Long, 585 So.2d 1268 (Miss. 1991). Here, the stenographic notes were lost. In such instances, our rules provide a mechanism for a substitute. Daniel has failed to avail himself of that mechanism in a timely manner.
We affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., dissents.