779 So.2d 1132 (2000)
ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, Appellant,
v.
BEASLEY CONTRACTING COMPANY, INC. National Union Fire Insurance Co. of Pittsburgh, PA, and Charles E. Quinn, Appellees.
No. 1999-WC-02129-COA.
Court of Appeals of Mississippi.
December 12, 2000.
Rehearing Denied February 27, 2001.
*1133 Andrew D. Sweat, Alan C. Goodman, Jackson, for Appellants.
William O. Rutledge III, New Albany, L. Pepper Cossar, Jackson, for Appellees.
Before KING, P.J., LEE, MYERS, and PAYNE, JJ.
PAYNE, J., for the Court:

FACTS AND PROCEDURAL HISTORY
¶ 1. This appeal arises from two separate job-related workers' compensation claims filed by the appellee, Charles E. Quinn. Charles Quinn began his employment at Beasley Contracting in 1986. His job required that he perform various duties ranging from operating heavy equipment to welding and general construction. On March 5, 1996, Quinn was driving a company truck and was rearended. Quinn was examined at the hospital for low back pain stemming from the accident but returned to work shortly thereafter. The employer's insurance carrier at the time of this first work-related injury was National Union Fire Insurance Company (National).
¶ 2. Quinn's second work-related injury occurred on October 31, 1996, when he fell off an eighteen-inch ledge at the work site, injuring his knee and shoulder. In the interim between his first and second injury, Quinn continued to work, though in severe pain, saying as his reason for doing so that he could not afford to stay home. After this second injury, Quinn did not return to work. The employer's insurance carrier at the time of Quinn's second injury was Zurich American Insurance (Zurich).
¶ 3. In her January 13, 1999 order, the administrative law judge found that Quinn was permanently and totally disabled as a result of his work-related accidents. On June 16, 1999, the Full Commission affirmed the administrative law judge. Feeling aggrieved of the Commission's decision, the employer, Beasley Contracting Company, Inc., and their current insurance carrier, Zurich (employer/carrier), then filed a notice of appeal with the Union County Circuit Court on July 13, 1999.
¶ 4. Because the notice of appeal was filed in Union County, which was not the proper venue, the case was transferred to Tippah County where Quinn lived. However, in transferring the record, the Union County Circuit Court erroneously sent the record to Lee County which subsequently, on August 18, 1999, transferred the case to Tippah County. On August 23, 1999, the employer/carrier received Lee County's August 18 order which transferred the matter to Tippah County. However, counsel for the employer/carrier never received any phone calls or correspondence after this date notifying him that the record had been placed on file in the Tippah County Circuit Court. On September 29, 1999, the Tippah County Circuit Court granted Quinn's motion to dismiss and remand for enforcement of the Full Commission's order. The employer/carrier then filed a motion to reconsider on October 5, 1999, a hearing was had on November 15, 1999, and the motion was denied November 18, 1999, after the hearing on the motion.
¶ 5. The current issue on appeal does not dispute the Commission's finding that Quinn was totally and permanently disabled and entitled to full benefits. The subject matter prompting the appeal from the Commission regards apportionment of benefit payments between the two insurance carriers. This appeal, however, involves the dismissal of that appeal based on whether or not the employer/carrier received proper notice that the case file had been transferred to Tippah County and whether this lack of notice excused the employer/carrier's failure to timely file their brief.
¶ 6. Because the circuit court gave no reason for its dismissal order nor gave a reason for denying the employer/carrier's motion to set aside, this Court, on September 29, 2000, entered an order for the circuit court to give written findings of fact *1134 and conclusions of law on which the judge based his orders. On October 31, 2000, that response by the circuit judge was filed and is attached as Appendix A to this opinion.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 7. On appeal, the employer/carrier raises the following issues for our review:
I. WHETHER THE CIRCUIT COURT OF TIPPAH COUNTY'S DISMISSAL OF THE APPEAL OF BEASLEY CONTRACTING COMPANY, INC. AND ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS FROM THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION WAS IN VIOLATION OF RULE 2 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE.
II. WHETHER THE CIRCUIT COURT OF TIPPAH COUNTY'S DISMISSAL OF APPELLANT'S APPEAL FROM THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION CONSTITUTED AN ABUSE OF DISCRETION CONTRARY TO CONTROLLING LAW AND FACT.
¶ 8. In this case, the circuit court sat as an appellate court in reviewing the final order of the Workers' Compensation Commission. Uniform Circuit and County Court Rule 5.06 directs us to the Mississippi Rules of Appellate Procedure for instructions on how we are to procedurally examine this case:
Briefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing and service, except that the parties should file only an original and one copy of each brief. The consequences of failure to timely file a brief will be the same as in the Supreme Court.
¶ 9. One of the questions in this case concerns the timely filing of briefs. Therefore, in accordance with URCCC 5.06, we look to the Mississippi Rules of Appellate Procedure in this case to examine the behavior of the court and of the parties.
¶ 10. Next, we look to our standard of reviewing a circuit court's dismissal of a case. "Since the adoption of the Mississippi Rules of Civil Procedure, it is clear that the granting of motions to dismiss is subject to the discretion of the trial court. This Court can only reverse when there has been an abuse of that discretion." Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996) (citations omitted).

DISCUSSION OF THE ISSUES

I. WHETHER THE CIRCUIT COURT OF TIPPAH COUNTY'S DISMISSAL OF THE APPEAL OF BEASLEY CONTRACTING COMPANY, INC. AND ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS FROM THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION WAS IN VIOLATION OF RULE 2 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE.
¶ 11. The employer/carrier's first issue, which is based on M.R.A.P. 2, was raised for the first time on appeal, and "[f]ailure to raise the issue in the trial court bars it from being raised for the first time on appeal." Riggs v. State, 744 So.2d 365(¶ 26) (Miss.Ct.App.1999) (citations omitted). We note that we are not compelled to address this issue as it is procedurally barred since this is the first time appellant has raised this issuenot in his motion to set aside or otherwise up to this point.

II. WHETHER THE CIRCUIT COURT OF TIPPAH COUNTY'S DISMISSAL OF APPELLANT'S APPEAL FROM THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION CONSTITUTED AN ABUSE OF DISCRETION CONTRARY TO CONTROLLING LAW AND FACT.
*1135 ¶ 12. This appeal concerns procedural issues of notice and opportunity to respond and does not involve the merits of Quinn's workers' compensation claim or how to apportion the disability payment obligations between National and Zurich, the employer's two insurance carriers. After filing the appeal on July 13, 1999, in Union County, which was the wrong county, the employer/carrier's attorney mutually agreed with the claimant's attorney to transfer the case to the correct county. The employer/carrier received a copy of the August 18 order which indicated that the Lee County Circuit Court, on its own motion, was transferring the case to Tippah County.[1] Upon learning that the transcripts were to be sent to Tippah County, counsel for the employer/carrier called the Tippah County Circuit Clerk and was told that he would be contacted when the record had been transmitted. For this reason, the employer/carrier's counsel claims he held off filing anything, and also claims he never received the September 29, 1999, notice of the motion to dismiss and order granting such until October 4, 1999.
¶ 13. Rule 5.05 of the Uniform Rules of Circuit and County Court Practice places a duty on the appellant to see that the record is filed with the proper court within thirty days of filing the notice of appeal. Rule 10 of the Mississippi Rules of Appellate Procedure requires the appellant to designate those parts of the record the appellate court needs for their review. We surmise then that the appellant has the duty to ensure that such records arrive at the appropriate court, which the employer/carrier failed to do here.
¶ 14. Mississippi Rule of Appellate Procedure 31 describes the role of the circuit court clerk in such a situation and cites the grounds for dismissal:
(a) Immediately upon filing of the record in the office of the clerk of the Supreme Court, the clerk shall notify counsel of the filing of the record. However, failure of the clerk to give, or of a party to receive, notice of the filing of the record shall not excuse any delay in filing briefs.

(b) Time for Filing and Service of Briefs. The appellant shall serve and file the appellant's brief within 40 days after the date on which the record is filed. The appellee shall serve and file the appellee's brief within 30 days after service of the brief of the appellant. The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee ...
(d) If an appellant fails to file the appellant's brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee or on the Supreme Court's own motion as provided in Rule 2. If an appellee fails to file the appellee's brief as required, such brief, if later filed, may be stricken from the record on motion of appellant or on the motion of the appropriate appellate court. An appellee who fails to file a brief will not be heard at oral argument except by permission of the court.
(emphasis added). In its motion to reconsider, set aside dismissal and reinstate appeal, counsel for the employer/carrier states that on August 23, 1999, he received an August 18, 1999, order from the Lee County Circuit Court transferring the case to the Tippah County Circuit Court. He states that at no time after August twenty-third nor before October fourth did he receive any notice regarding the record in this matter. However, unlike an original transcript from a trial court to the supreme court, the record from the administrative law judge was already transcribed for the appeal to the Commission, and all parties were familiar with its contents. On October 4, counsel received the motion *1136 to dismiss and order of dismissal, both dated September 29, 1999.
¶ 15. On November 15, 1999, the circuit judge held a full hearing on the employer/carrier's October fifth motion to reconsider, set aside and reinstate its appeal to which was attached appellant's brief. After having read the record in detail and hearing oral argument, the circuit judge found that "the appellant had the duty and responsibility to abide by the time limitations and to maintain the status of their own appeal." We conclude that the attorney acted at his own peril in failing to ensure that the record was properly transferred and the brief timely filed.
¶ 16. Mississippi Rule of Appellate Procedure 31(b) states, "the appellant shall serve and file the appellant's brief within 40 days after the date on which the record is filed." Here, Zurich missed this deadline and we find that the circuit court was proper in granting the motion to dismiss. In its findings of fact and conclusions of law, the circuit court first clarified that it dismissed the case because Zurich missed its deadline to file its brief. The court cited the rules that failure to file a brief is tantamount to a confession of error, and that the appellant failed to provide the proper court with the record within thirty days. See Barber v. Barber, 608 So.2d 1338, 1340 (Miss.1992) and URCCC 5.05. The court reiterated that the rules are in place for a reason, primarily to impose time limits on both sides, which acts to facilitate the efficiency of the appeals process.
¶ 17. Additionally, the circuit court considered the full record and the brief that was attached to the appellant's motion and found that the Commission's decision was based on substantial evidence and was without manifest error. In its findings of fact and conclusions of law, the circuit court stated:
Furthermore, the Court, having reviewed and considered that the Mississippi Workers' Compensation Commission's decision is supported by substantial evidence and the applicable law, and having no manifest error present, intended to affirm the lower decision. Therefore, out of judicial economy, the Court deemed there was insufficient reason to reconsider the Motion to Dismiss when the matter would have been affirmed.
¶ 18. By virtue of the judge's order, Zurich knew the record was erroneously transmitted to Lee County on August 18, 1999, yet Zurich failed to file its brief within 40 days, pursuant to M.R.A.P. 31(b). We agree with the circuit court that Zurich missed its deadlines, yet had a full consideration of the matter. Therefore, we can find no evidence of abuse of discretion on the circuit judge's part and affirm the circuit court's finding on this procedural matter.
¶ 19. We also agree that in the interest of judicial economy, at the hearing on the motion to reconsider the order of dismissal, the circuit judge heard and determined the case on the merits. We agree with the judge's finding that the commission's determination of benefits and penalties payable to the claimant was based on substantial evidence and affirm the circuit court in all matters.

CONCLUSION
¶ 20. For the aforementioned reasons, we affirm the order of the circuit court and order that payments with penalties be made in accordance with the Commission's order.
¶ 21. THE JUDGMENT OF THE TIPPAH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANTS.
KING, P.J., IRVING, LEE, and MYERS, JJ., concur. McMILLIN, C.J., dissents with separate written opinion joined by SOUTHWICK, P.J., BRIDGES, MOORE, and THOMAS, JJ.
*1137 McMILLIN, C.J., DISSENTING:
¶ 22. I dissent. The question before the Court is not whether Beasley Contracting missed the filing deadline for its brief. It certainly did. The clear error that requires this Court to reverse arises out of the manner in which the circuit court dealt with Beasley Contracting's lapse. The rule of procedure governing such a failure to prosecute an appeal is plain:
An appeal may be dismissed upon motion of a party ... when the court determines that there is an obvious failure to prosecute an appeal.... When [the] court ... determines that dismissal may be warranted under this Rule ... the clerk ... shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after the notification, the appeal shall be dismissed by the clerk....
M.R.A.P. 2(a)(2).
¶ 23. Rather than complying with the clear dictates of the rule in this case, the circuit court entered an order dismissing the appeal on the same day the motion was filed. The dismissal was accomplished ex parte with no attempt to provide notice to Beasley Contracting that the matter was even under consideration. The circuit court, in its findings of fact issued upon the request of this Court, offers no explanation or justification for ignoring the plain notice requirements of this rule. The notice requirement is quite explicit and does not appear to offer any discretion on the part of the court to disregard it. Until Beasley Contracting received the required clerk's notice of deficiency and failed to cure the deficiency within fourteen days thereafter, there was no authority in the circuit court to dismiss the appeal.
¶ 24. The language of Rule 2(a)(2) on its face presumptively provides a lessthan-diligent appellant a fourteen day window to correct any deficiencies in its appeal. Even assuming for sake of argument that the trial court had some discretionary authority to persist in dismissing the appeal for want of prosecution even if the appellant cures the deficiency within the contemplated fourteen days, any decision to apply such a facially harsh remedy would certainly be subject to an abuse of discretion review on appeal. In this case, the appellant, immediately upon learning of the improperly-entered dismissal order, filed its motion for reconsideration, which motion included as an exhibit the text of the appellant's brief. Assuming that the order of dismissal could be seen as substituting for the clerk's deficiency notice, the appellee attempted to cure its failing well within fourteen days of receipt of the dismissal order, and, insofar as the record reveals, the appellee has failed to demonstrate any prejudice to him arising out of this slight delay in the appeal process.
¶ 25. The findings of fact and conclusions of law made by the trial court upon invitation of this Court, as attached to the majority's opinion, do not address any relevant issues that would guide our inquiry as to whether the court abused its discretion when it summarily dismissed the appeal without providing the presumptivelypermissible fourteen day cure period granted by the rules. The court found only that "the Appellant had the duty and responsibility to abide by the time limitations...." The court failed to address such issues as excusable neglect, the presence or lack of prejudice to the appellee, or any other valid factual considerations that would define the limits of the court's discretion. Given the proposition that the appellate rules clearly favor an opportunity to promptly cure any defect in the appeal, the absence of relevant findings leaves this Court with nothing other than conjecture as to why the court imposed the harshest remedy available, without notice and in an ex parte proceeding only two days after the due date of the brief expired. That is an inadequate basis to afford *1138 a party litigant a reasonable opportunity to have its case heard on the merits.
¶ 26. This case should be reversed and remanded for such further proceedings as are appropriate in light of the obvious procedural errors in dealing with the failure of Beasley Contracting to file its brief in a timely manner
SOUTHWICK, P.J., BRIDGES, MOORE, and THOMAS, JJ., join this separate written opinion.

APPENDIX A

IN THE CIRCUIT COURT OF TIPPAH COUNTY, MISSISSIPPI

MISSISSIPPI WORKERS COMPENSATION COMMISSION

MWCC NUMBERS: 97-12439-G 1038-E and 97-1244 1-G01039-B

CAUSE NO.: T99-152
CHARLES E. QUINN CLAIMANT
VS.
BEASLEY CONSTRUCTION EMPLOYER
AND
NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA AND ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS

FINDINGS OF FACT AND CONCLUSIONS OF LAW
On Order of the Mississippi Court of Appeals, No.1999-WC-02129 COA, dated September 29, 2000, the Circuit Court of Tippah County, Mississippi made the following Findings of Fact and Conclusions of law as to why the Motion to Reconsider of Carrier Zurich American Insurance Company of Illinois was denied, to-wit:

FINDINGS OF FACT
1. That Administrative Law Judge Tammy Green Harthcock, by Order dated January 13, 1999, found that Carrier Zurich American Insurance Company of Illinois should pay permanent total disability benefits of $264.55 beginning October 31, 1996, and continuing for a period of 450 weeks as compensation for Claimant s disability. Judge Harthcock also ordered Zurich to pay a penalty of ten (10) percent for each payment not timely made, pursuant to Miss.Code Ann. § 71-3-37(5) (1972). along with interest from the date of filing of the Petition to Controvert. Moreover, Zurich was entitled under said Order to a credit for any prior payments made to Claimant.
2. That Carrier Zurich appealed said Order to the full Commission. That the full Commission granted oral argument to both parties, and said oral argument was held June 14, 1999. That, after said oral argument, the Commission issued an Order dated June 16, 1999 affirming the decision of the Administrative Law Judge.
3. That, on July 13, 1999, Carrier Zurich filed a Notice of Appeal to the Circuit Court with the Secretary of the Mississippi Workers Compensation Commission.
4. That Carrier Zurich erroneously filed said Notice of Appeal with the Circuit Court of Union County, Mississippi. That the Secretary of the Commission erroneously transferred the record to the Circuit Court of Lee County, the county where the Employer is based.
5. That Claimant is, and has been at all relevant times, an adult resident citizen of Tippah County, Mississippi, thus vesting proper venue for Carrier s appeal in Tippah County.
6. That, by mutual agreement of counsel for Claimant and Carrier Zurich, the appeal was transferred to the Circuit Court of Tippah County, Mississippi. That Judge Frank Russell of the Lee County Circuit Court issued an Order dated *1139 August 18, 1999 transferring the case, and the record, to Tippah County.
7. That, by Carrier Zurich s own admission, it received a copy of Judge Russell s Order August 23, 1999. Said Order was attached to Zurich s Motion to reconsider, Set Aside Dismissal and Reinstate Appeal as Exhibit "C".
8. That on September 29, 1999, after the passage of 42 days from the date of Judge Russell's Order, Claimant filed a Motion to Dismiss Carrier Zurich's appeal with the Tippah County Circuit Court.
9. That, during the passage of the above-referenced 42 days, Carrier Zurich filed no Appellant s Brief.
10. That the undersigned signed an Order of Dismissal on September 29, 1999, which served to dismiss Carrier Zurich s appeal.
11. That Carrier Zurich filed a Motion to Reconsider, Set Aside Dismissal and Reinstate Appeal with the Circuit Court of Tippah County, Mississippi on October 5, 1999. That said Motion was argued before the undersigned on November 15, 1999, wherein an Order was entered dismissing the Appeal for failure to timely file an Appellant s brief
12. The Court, having read the record in detail and being fully advised as to all contents therein, is of the opinion that the Appellant had the duty and responsibility to abide by the time limitations and to maintain the status of their own appeal.
13. Furthermore, the Court, having reviewed and considered that the Mississippi Worker's Compensation Commission's decision is supported by substantial evidence and the applicable law, and having no manifest error present, intended to affirm the lower decision. Therefore, out of judicial economy. the Court deemed there was insufficient reason to reconsider the Motion to Dismiss when the matter would have been affirmed.

CONCLUSIONS OF LAW
On appeals of decisions rendered by the full Commission, Circuit Courts cannot serve as triers of fact, and, as such, they must base their decision solely on the record. Morris v. Lansdell's Frame Co., 547 So.2d 782, 784 (1989). To reverse a decision of the Commission, there must be a showing of substantial evidence from the record that the Commission erroneously applied the law. Smith v. Container General Corp., 559 So.2d 1019, 1023 (1990). In such cases, if any error is found, it must appear from the record. To assist Circuit Judges in their appellate decisions, our procedural rules mandate briefs from both Appellant and Appellee to summarize the facts and apply those facts to the applicable law. To that end, Rule 31(b) of the Mississippi Rules of Appellate Procedure requires that an appellant's brief be filed with the court within forty (40) days after the record is filed. Miss. R.App. P. 31(b). To facilitate a level playing field, and to see that both sides of an argument are presented, the law imposes a reciprocal duty upon appellees to provide briefs within 30 days of service upon appellants. Miss. R. APP. P. 31(b). Although the Rules of Appellate Procedure technically apply only to appeals to the Supreme Court, with regards to time limits on briefs, those same time limits apply at the Circuit Court level. UNIF. R. CIR. AND COUNTY COURT PRAC. 5.06.
Where a party fails to file a brief in a timely manner, appellate courts take the issues raised by the opposing party as confessed. Barber v. Barber, 608 So.2d 1338. 1340 (1992). Moreover, appellate courts possess authority to dismiss appeals "when a party fails to comply substantially with these rules." Miss. R. APP. P. 2(a)(2). Furthermore, our rules place an affirmative duty on the appellant to see that the record is field with the proper court within thirty (30) days of filing the notice of appeal. Unif. R. Cir. and County Court Prac. 5.05.
*1140 In the case at bar, it is clear that counsel for Carrier Zurich possessed actual knowledge that the record was erroneously transmitted to Lee County. Furthermore, Zurich's counsel knew, by virtue of Judge Russell's Order, that the record was transferred to Tippah County on August 18, 1999. Counsel admitted such in his Motion to Reconsider, Set Aside Dismissal and Reinstate Appeal by attaching a copy of said Order as an exhibit to his Motion. Moreover, counsel admitted in oral argument that "[o]ne lesson I have learned is to call and make sure the record is being properly filed and processed by the party or agency appealed from."
Although it is unfortunate that Zurich did not timely submit its brief, the rules are in place for a reason. Circuit Judges hearing appeals from a decision of the Commission simply must have an explanation of the facts and applicable law, from both sides, in that they cannot hear the testimony of witnesses in the appeals process. To facilitate the efficiency of that process, time limits are imposed on both sides. Here, the fact remains that counsel knew that the record was being transferred to Tippah County August 18, 1999. Upon that knowledge, under our Appellate Rules, he had 40 days to file his brief He failed so to do. He also failed to file the record in the Circuit Court of Tippah County within the prescribed 30 days under U.R.C.C.C. 5.05. Therefore, under M.R.A.P. 2(a)(2) this Court in its discretion dismissed Zurich's appeal. Moreover, even if this Court did not exercise its discretion to dismiss, under the law, all contentions made by Claimant, the opposing party, must be taken as confessed because he did not timely file his brief. Either way, the end result to Zurich is the same.
It is also of great interest and significance to this court, that by admission of Zurich, the matters at issue in this case are not "whether" Claimant should be paid benefits, but rather "who" should pay benefits to him, and should there be an apportionment of liability for benefits between Zurich and National Union Fire Insurance. Counsel for Zurich admitted as much in his oral argument for reconsideration. In essence, this means that while two insurance carriers argue and appeal over which should pya Mr. Quinn, the claimant, Mr. Quinn remains unpaid. In addition to any legal finding, discretion would favor Mr. Quinn's plight in this case.
The Motion of Zurich to Reconsider, Set Aside Dismissal and Reinstate Appeal must be dismissed and this matter remanded to the Commission for implementation of their Order affirming the Administrative Law Judge.
/s/ R. Kenneth Coleman
R. Kenneth Coleman
Circuit Court Judge
NOTES
[1] As described earlier, the notice of appeal was initially filed in Union County. The Union County Circuit court erroneously transferred the case to Lee County who, in turn, then transferred the case to Tippah county, which was the proper court.