799 So.2d 886 (2001)
Betty STUART, Appellant
v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Appellee.
No. 2000-SA-00530-COA.
Court of Appeals of Mississippi.
November 6, 2001.
William Owen Mayfield, for Appellant.
Mary Margaret Bowers, Jackson, for Appellee.
Before KING, P.J., MYERS, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. Betty Stuart appeals a judgment of the Circuit Court of the First Judicial District of Hinds County dismissing her appeal from the Public Employees' Retirement System of Mississippi's (PERS) termination of her disability benefits. Stuart appeals this ruling arguing that the circuit *887 court erred in dismissing her appeal and that the decision to terminate her disability benefits by the Public Employees' Retirement System of Mississippi was not supported by substantial evidence. PERS argues that Stuart abandoned her appeal by failing to have the record of the PERS proceedings timely filed with the circuit court. Finding that the circuit court did not err in dismissing Stuart's appeal, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. The facts of this case are limited, as the complete record was not available to us on appeal. This Court did order that the hearing before the Disability Appeals Committee and the hearing before the Hinds County Circuit Court on February 25, 2000, be transcribed and delivered to this Court. However, we only received the transcript of the hearing before the PERS Disability Appeals Committee. Therefore, various procedural history and facts are taken directly from the parties' briefs.
¶ 3. Before receiving disability benefits, Stuart was employed by the University of Southern Mississippi as a budget clerk and later as a debt management representative. Her job duties included clerical tasks, accounting work, typing, compiling records and filing. Stuart underwent surgery for left carpal tunnel release and for left DeQuervain's Tenosynovitis in 1993. During the Disability Appeals Committee hearing, she stated that she suffers from pervasive pain and arthralgias, as well as anxiety.
¶ 4. She applied for and was approved for disability benefits in April of 1993. In 1998, Stuart received notice of the PERS decision to terminate her benefits effective July 1998. She appealed this decision to the PERS Disability Appeals Committee, which, after a hearing was held, recommended to the PERS Board of Trustees that the decision to terminate be affirmed. A final order on February 23, 1999, terminated Stuart's benefits.
¶ 5. On March 23, 1999, Stuart, through her attorney, filed a notice of appeal with the Circuit Court of the First Judicial District of Hinds County. In the notice, she stated that the record from the administrative hearing would be delivered to the court within thirty days in accordance with Uniform Circuit and County Court Rule 5.05. After receiving Stuart's notice of appeal, PERS advised Stuart by certified letter of her responsibility under PERS regulations to furnish PERS with a copy of the transcript from the hearing. PERS filed a motion for additional time to certify the record on April 9, 1999, because of Stuart's failure to provide PERS with the transcript, and on May 5, 1999, the motion was granted by the circuit court. No record of the PERS proceedings was ever filed with the circuit clerk of Hinds County.
¶ 6. PERS filed a motion to dismiss for failure to prosecute on November 17, 1999, approximately eight months after the notice of appeal was filed. This motion was granted by the circuit court on November 18, 1999, pursuant to Uniform Circuit and County Court Rule 5.05. On November 29, 1999, Stuart filed a motion to set aside the dismissal. A hearing was held in the circuit court on February 25, 2000. However, no transcript of that hearing is in the record before this Court. The circuit court judge entered an order on March 1, 2000, denying the motion finding Stuart failed to offer any reason to justify setting aside the order of dismissal. Stuart now appeals the order denying the motion to set aside the dismissal to this Court.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 7. Stuart made the following assignments of error:
*888 I. WHETHER THE FINAL DECISION BY PERS WAS SUPPORTED BY SUBSTANTIAL EVIDENCE, AND IS NOT IN ACCORD WITH THE ACCEPTED CRITERIA FOR DETERMINING MEDICAL IMPROVEMENT.
II. WHETHER THE TRIAL COURT ERRED IN DISMISSING STUART'S APPEAL FOR FAILURE TO PROSECUTE PURSUANT TO UNIFORM CIRCUIT AND COUNTY COURT RULE 5.05.
¶ 8. Here, the circuit court sat as an appellate court in reviewing the final order of the PERS Board of Trustees. The circuit court dismissed the appeal for failure to prosecute. Therefore, we must examine our standard of review for a circuit court's grant of a motion to dismiss. The Mississippi Supreme Court has stated that:
The power to dismiss for failure to prosecute is inherit in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket. That this Court will not disturb a trial judge's finding on appeal unless it is manifestly wrong is a doctrine too well known to require citation.
Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990) (citations omitted). A decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion was abused. Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996). In order to determine whether the trial court abused its discretion we must examine the procedures set forth in the statutes and rules of court that guide an appeal from a final decision by PERS.
¶ 9. Once a final decision by the PERS Board of Trustees is reached, an aggrieved party may appeal to the Circuit Court of the First Judicial District of Hinds County. Miss.Code Ann. § 25-11-120(2) (Rev. 1999). Section 25-11-120(2) directs us to the circuit court rules for guidelines as to how we should examine this case procedurally:
(2) Any individual aggrieved by the determination of the board may appeal to the Circuit Court of the First Judicial District of Hinds County, Mississippi, in accordance with the Uniform Circuit Court Rules governing appeals to the circuit court in civil cases. Such appeals shall be made solely on the record before the board and this procedure shall be the exclusive method of appealing determinations of the board.
Id. Therefore, we shall analyze the conduct and activities of the parties and court in accordance with the circuit court rules.

DISCUSSION OF THE ISSUES

I. WHETHER THE FINAL DECISION BY PERS WAS SUPPORTED BY SUBSTANTIAL EVIDENCE, AND IS NOT IN ACCORD WITH THE ACCEPTED CRITERIA FOR DETERMINING MEDICAL IMPROVEMENT.
¶ 10. Stuart's first assignment of error is that the final decision by PERS terminating her disability benefits was not supported by substantial evidence. However, PERS argues that the only true issue before this Court is the dismissal of the appeal which should be affirmed due to Stuart's abandonment of the appeal. Finding the issue of the dismissal of the appeal dispositive, we will not address the merits of the PERS decision to terminate disability.

II. WHETHER THE TRIAL COURT ERRED IN DISMISSING STUART'S APPEAL FOR FAILURE TO PROSECUTE PURSUANT TO UNIFORM CIRCUIT AND COUNTY COURT RULE 5.05.
¶ 11. The sole issue before this Court is whether the trial court erred in dismissing *889 Stuart's appeal for failure to prosecute. As stated above, in order to determine whether the trial court abused its discretion in dismissing Stuart's appeal, we must examine the procedures and guidelines set forth in the circuit court rules.
¶ 12. If the person is aggrieved by the Board's final decision, then that person can appeal to the Circuit Court of the First Judicial District of Hinds County pursuant to the circuit court rules. Miss.Code Ann. § 25-11-120(2) (Rev. 1999). In accordance with the Uniform Rules of Circuit and County Court (URCCC), notice of appeal from an administrative agency must be filed with the circuit clerk within thirty days of the final order of the agency. URCCC 5.04. The record of the administrative proceedings must be filed within thirty days of the notice of appeal being filed. URCCC 5.05.
¶ 13. Under Rule 5.05 the procedures for filing the record are set forth as follows:
In appeals in which the appeal is solely on the record, the record from the lower court or lower authority must be filed with the court clerk within thirty (30) days of filing the notice of appeal. Provided, however, in cases involving a transcript, the court reporter or lower authority may request an extension of time. The court, on its own motion or on application of any party, may compel the compilation and transmission of the record of proceedings. Failure to file the record with the court clerk or to request the assistance of the court in compelling the same within thirty (30) days of the filing of the written notice of appeal may be deemed an abandonment of the appeal and the court may dismiss the same with costs of the appealing party or parties.
URCCC 5.05. As provided in the rule, if a transcript of the proceedings before the administrative agency is involved, the agency or court reporter may request additional time to prepare the transcript. Id. In addition, the court may compel the completion of the record on its own motion or upon a request of any party. Id. The court may dismiss the appeal as abandoned for failure to file the record or failure "to request the assistance of the court in compelling the same within thirty (30) days of the filing of the written notice of appeal...." Id. Therefore, the rule places the burden of timely filing the record of the agency proceeding with the appellant. Zurich Am. Ins. Co. of Illinois v. Beasley Contracting Co., Inc., 779 So.2d 1132, 1135 (¶ 13) (Miss.Ct.App.2000).
¶ 14. In this case, Stuart timely filed the notice of appeal on March 23, 1999. However, a record of the PERS proceedings was not filed, nor did Stuart ever apply to the circuit court for assistance to compel PERS to file the record. Stuart argues the failure to file the record is not her fault. Stuart claims that the fault lies in a PERS regulation that requires the individual who wants a transcript of the hearing to contact the court reporter and bear the cost of the transcript. Public Employees' Retirement System, Rules of Hearing Practice and Procedure before the Board of Trustees, Reg. 42(J). Record of Hearing (1999). In addition, the person must provide PERS with a certified copy of the transcript so they can certify the record to the circuit court. Id. Although, this regulation does place an additional burden on the aggrieved party in obtaining the transcript, the merits of this regulation are not presently before this Court because this Court does not consider matters first raised on appeal. Triplett v. City of Vicksburg, 758 So.2d 399, 401(¶ 8) (Miss.2000).
¶ 15. Rule 5.05 places the burden on the appellant to make sure the record is filed within thirty days after the notice of *890 appeal. Zurich Am. Ins. Co. of Illinois, 779 So.2d at 1134 (¶ 13). Additionally, Rule 5.05 provides an appellant with the means to request the court's assistance to compel PERS to file the record. URCCC 5.05. Instead of requesting the circuit court's assistance in completing the record to be filed, Stuart's attorney failed to take any action for approximately eight months after the notice of appeal was filed. Her attorney's only action after filing the notice of appeal was taken after the dismissal was granted when he filed a motion to reconsider the dismissal. Even after he filed a motion to reconsider the dismissal, he never sought the circuit court's assistance in filing the record as provided under the rules. Therefore, we find that the circuit court did not abuse its discretion in utilizing its inherent power to dismiss for failure to prosecute.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.