821 So.2d 870 (2002)
Walter GENTRY, Linda Gentry, L.J. Tucker, Nita W. Tucker, David L. Barnes, Debbie Barnes, James Downs, Joyce Downs, Robert Lynk, Ann Lynk, Roy C. Bryan, Eula Bryan, Melanie Frost, William K. Frost, Wayne Hendrix, Robert Frost, Melissa Frost, Irene Frost, Lema Herring, Jeanette C. McBrayer and Cybil Cleveland, Appellants,
v.
CITY OF BALDWYN, Mississippi, Appellee.
No. 2001-CA-00675-COA.
Court of Appeals of Mississippi.
April 9, 2002.
Rehearing Denied July 16, 2002.
*871 John A. Ferrell, Bonneville, Jacqueline Deborah, George Martin, Ruleville, attorneys for appellant.
James Arden Barnett, Jr., Tupelo, M. Paul Haynes, Baldwyn, William Hull Davis, Jr., attorneys for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the court.
¶ 1. Residents appealed an action of the City of Baldwyn, Mississippi, which rezoned a strip of land from single family residential and highway commercial to industrial. The Lee County Circuit Court upheld the re-zoning. The residents appeal to this Court asserting the following issue:
I. THE LOWER COURT ERRED IN AFFIRMING THE ACTION OF *872 THE CITY OF BALDWYN IN RE ZONING THE SUBJECT PROPERTY AS THAT ACTION WAS ARBITRARY, CAPRICIOUS, AND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. On September 5, 1995, the City of Baldwyn enacted a comprehensive plan concerning present and anticipated future land use. The City adopted a zoning ordinance on May 7, 1996, which was amended in December of that year. On June 5, 2000, the Community Development Foundation of the City of Baldwyn, Mississippi filed a re-zoning application with the City of Baldwyn seeking to rezone twenty-three acres along U.S. Highway 45 on the edge of the Baldwyn City limits from single family residential and highway commercial to industrial. This property is directly across form the North Lee Industrial Complex.
¶ 3. Notice was published in the local paper as required by law, and a public hearing was held on July 5, 2000. At the hearing, a professional city planner for the Community Development Foundation reported upon his analysis of the proposed re-zoning. The planner's report found that there was an increased amount of industrial activity in the area; that rezoning met zoning criteria and was consistent with the comprehensive plan; that the character of the land had changed due to the development of additional industries across Highway 45; that there had been a significant increase in the volume of traffic along Highway 45; and that there were improved utilities for electricity, gas, and water for industrial development. After the planner's report, citizens were given the opportunity to make statements regarding the re-zoning. Several residents presented their objections to the re-zoning. After the residents spoke, several aldermen spoke in regard to the character change of the property due to two new industrial plants, and they discussed the support of their constituents for the re-zoning.
¶ 4. After the hearing, the board of aldermen voted unanimously to adopt the rezoning ordinance. The ordinance was reduced to writing and published in the local newspaper on July 12, 2000. It became effective thirty days later. A group or residents filed a timely appeal of this decision to the Circuit Court of Lee County, Mississippi. The court affirmed the decision of the mayor and board of aldermen to re-zone the property on January 29, 2001, finding that the character of the neighborhood of the subject property had changed to such extent as to justify rezoning and that there was a public need for the property to be re-zoned.

ANALYSIS

I. DID THE LOWER COURT ERR IN AFFIRMING THE ACTION OF THE CITY OF BALDWYN IN RE ZONING THE SUBJECT PROPERTY AS THAT ACTION WAS ARBITRARY, CAPRICIOUS, AND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 5. In order to re-zone property, it must be shown by substantial evidence that there was a mistake in the original zoning or that the character of the neighborhood has changed to justify reclassification, and that there is a public need for rezoning. Old Canton Hills Homeowners Ass'n. v. Mayor of Jackson, 749 So.2d 54, 62(¶ 22) (Miss.1999). Judicial review is limited in matters involving re-zoning. "The zoning decision of a local governing body which appears to be fairly debatable will not be disturbed on appeal, and will be *873 set aside only if it clearly appears the decision is arbitrary, capricious, discriminatory, illegal or is not supported by substantial evidence." Fondren North Renaissance v. Mayor of Jackson, 749 So.2d 974, 977(¶ 7) (Miss.1999); City of Biloxi v. M.C. Hilbert, 597 So.2d 1276,1280 (Miss. 1992). "Courts should not constitute themselves as a zoning board for a municipality." McWaters v. City of Biloxi, 591 So.2d 824, 828 (Miss.1991).
¶ 6. The decision of a local governing board is presumed valid, and the burden is upon the person seeking to set it aside to show that it was arbitrary, capricious and unreasonable. Board of Aldermen, City of Clinton v. Conerly, 509 So.2d, 877, 884 (Miss.1987); Walters v. City of Greenville, 751 So.2d 1206, 1211 (Miss.Ct. App.1999). If the re-zoning decision of the City of Baldwyn is to be reversed, the residents appealing the decision bear the burden of proving that the decision rendered was arbitrary, capricious, discriminatory, or beyond the legal authority of the city's board or unsupported by substantial evidence. McWaters, 591 So.2d at 827. The terms "arbitrary" and "capricious" were defined by our supreme court in Burks v. Amite County School Dist., 708 So.2d 1366, 1370(¶ 14) (Miss.1998) (citing McGowan v. Mississippi State Oil & Gas Bd., 604 So.2d 312, 322 (Miss.1992)). An act is arbitrary when it is not done according to reason or judgment, but depending on the will alone. "Capricious" is defined as any act done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles. Id.
¶ 7. Since "fairly debatable" is the opposite of arbitrary and capricious, if the decision to re-zone the property is found to be fairly debatable it must be allowed to stand. Fondren, 749 So.2d at 977. We therefore look to whether the determination of the City of Baldwyn, through its mayor and board of aldermen, that the character of the neighborhood had changed and that there was a public need for re-zoning was "fairly debatable." We will review some of the evidence which the City found to be substantial.
¶ 8. The residents assert that the North Lee Industrial Complex existed at the time of the comprehensive plan and zoning ordinance were adopted, and that its character could not have therefore changed. The City found, however, that although at the time of the comprehensive plan the industrial complex did exist, no industries were operating there. Only one industry had purchased property at the time of the comprehensive plan. Another industry opened in the industrial complex after the comprehensive plan was completed, and two new industries arrived well after the comprehensive plan and zoning ordinance were adopted. The North Lee Industrial Complex's close proximity, directly across Highway 45 from the property in dispute, and its growth play a role in the character change of the neighborhood.
¶ 9. At the public hearing, it was reported to the City that the volume of traffic had increased dramatically along Highway 45. Highway 45 had been widened into a four-lane highway only shortly before the comprehensive plan, and in the following years according to the report had created a commercial and industrial corridor. Utilities in the area were also found to be improved in order to be capable of handling industrial development. This included an electric substation specifically intended for industrial expansion. Several aldermen spoke from their own common knowledge of the character change in the neighborhood. This evidence may be considered by the board along with hearsay *874 evidence from citizens. Fondren, 749 So.2d at 978.
¶ 10. The report also showed other commercial development in the area including the property immediately north of the subject land. This included a parcel of land just north of the subject property which was re-zoned to commercial property in 1997. In McWaters, evidence of a material change in the neighborhood was noted to include re-zoning certain properties in the area as well as the construction of an electric power substation and public parking lot. McWaters, 591 So.2d at 827 (citing Martinson v. City of Jackson, 215 So.2d 414, 418 (Miss.1968)).
¶ 11. The public need to have the property re-zoned is considered to be "fairly debatable" where the development of the subject property "is potentially of great benefit to the City, and there is little indication that the best interests of the City would be served by the continued undeveloped status of the property." Old Canton, 749 So.2d at 63. The City of Baldwyn argues that there can be no question that bringing additional industry to the area would be of great benefit to the City. The residents made no showing that the best interests of the City would be served by leaving the property unchanged.
¶ 12. While we may have come to a different conclusion on a de novo review of the facts, we conclude that there is sufficient evidence regarding a change in the character of the neighborhood to make it at least "fairly debatable." The City of Baldwyn contends that the re-zoning of the property would be of great benefit to the City, and there is little, if any, evidence to show that the decision was arbitrary and capricious. The lower court is therefore affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.