MYERS, J., for the Court.
¶ 1. This case arises from the Circuit Court of Harrison County’s dismissal of William Truax, Ill’s, and six additional appellants appeal. For the sake of brevity we will refer to them singularly as Truax. The appeal was from the decisions of the Gulfport City Council granting a zoning change and a special use permit for the construction of a new humane shelter complex within the City of Gulfport. Aggrieved by the circuit court’s dismissal of his action, Truax appeals raising the following three issues:
I. WHETHER THE CIRCUIT COURT’S DISMISSAL OF TRUAX’S APPEAL BASED ON FAILURE TO FILE A BRIEF WAS AN ABUSE OF DISCRETION.
II. WHETHER THE CIRCUIT COURT’S DISMISSAL OF TRUAX’S APPEAL WAS IN VIOLATION OF RULE 2 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE AND WAS, THEREFORE, AN ABUSE OF DISCRETION.
III. WHETHER THE CIRCUIT COURT’S DISMISSAL OF TRUAX’S APPEAL SHOULD BE REVERSED DUE TO EXCUSABLE NEGLECT.
Finding no reversible error, we affirm.
STATEMENT OF FACTS
¶2. On June 26, 2002, Eric Aschaffen-burg, acting on behalf of the Humane Society of South Mississippi, Inc. and 5 Star Development, LLC, filed an application for a special use exception for the purpose of allowing a humane shelter to be placed in an area zoned as B-2, General Business. On July 1, 2002, Aschaffenburg also petitioned the City of Gulfport to rezone the subject property from B-2 to 1-2, Light Industrial, for the purpose of locating the new humane shelter.
___ ¶ 3. On July 25, 2002, the Gulfport City Planning Commission held a hearing on both topics, and made a recommendation to approve the zoning change. On August 15, 2002, the Zoning Board of Adjustment and Appeals held a hearing and the special use exception was recommended for approval.
¶ 4. On August 20, 2002, Truax filed his notice of appeal pertaining to the August 15, 2002 decision of the Zoning Board of Adjustment and Appeals which recommended the special use exception be granted. On the same day, the Gulfport City Council approved the zoning change requested, and in response to this approval, on August 30, 2002, Truax filed a bill of exceptions.
*595 ¶ 5. On September 17, 2002, the Gulfport City Council approved the special use permit requested. In response to this approval, Truax filed his second bill of exceptions, this one dealing with the approval of the City’s grant of the special use permit. The Humane Society then filed its motion to intervene which was granted, making Truax, the Humane Society, and the City of Gulfport the three parties to the action.
¶ 6. On March 6, 2003, a briefing schedule was entered, setting the due date for Truax’s brief as March 12, 2003. The parties agreed to a one week extension. One day prior to the briefs due date, Truax’s counsel sought a second extension, claiming a lack of the record pertaining to the rezoning decision.
¶ 7. Both the Humane Society and the City of Gulfport opposed this request and in response filed their motion to dismiss on April 2, 2003. The reason given for their opposition to an additional extension was that the Humane Society was unable to move forward with its multimillion dollar project as long as Truax’s appeal was pending. On April 11, 2003, the Harrison County Circuit Court held a hearing on the matter, at which time Truax’s counsel did not appear due to an emergency medical condition. The motion to dismiss was continued until April 22, 2003, at which time Judge Kosta Vlahos dismissed Truax’s appeal for failure to comply with Uniform Circuit Court Rule 5.06.
¶ 8. On appeal, Truax argues that dismissal of his claim was not mandatory under the Mississippi Rules of Appellate Procedure. Further, Truax argues that the brief is not to be considered as evidence and that on a review of the decision of an administrative agency, the circuit court’s decision should be based solely on the record; therefore, a brief is not required.
LEGAL ANALYSIS
I. WHETHER THE CIRCUIT COURT’S DISMISSAL OF TRUAX’S APPEAL BASED ON FAILURE TO FILE A BRIEF WAS AN ABUSE OF DISCRETION.
STANDARD OF REVIEW
“Since the adoption of the Mississippi Rules of Civil Procedure, it is clear that the granting of motions to dismiss is subject to the discretion of the trial court. This Court can only reverse when there has been an abuse of that discretion.” Roebuck v. City of Aberdeen, 671 So.2d 49, 50 (Miss.1996) (citing Carter v. Clegg, 557 So.2d 1187, 1190 (Miss.1990)).
DISCUSSION
¶ 9. In Truax’s first assignment of error, he argues that the circuit court’s dismissal of his appeal for failure to file a brief was an abuse of discretion. Further, Truax argues that the Gulfport City Council erred in approving the requested zoning amendments.
¶ 10. Truax argues that the appellate brief is not itself evidence, but rather the only actual evidence which is necessary to make a determination, is that which is contained in the official record. Further, Truax argues that dismissal of his action, for failure to file an appellate brief, would be a “draconian sanction” as stated by Pub. Employees Ret. Sys. v. Allen, 834 So.2d 50, 53(¶ 8) (Miss.Ct.App.2002), and that such drastic action was improper.
¶ 11., In determining whether dismissal of Truax’s action was proper, this Court must first look to the rules relied upon by the trial judge in making his determination. First, Uniform Circuit Court Rule 5.06, Briefs on Appeals on the Record, states as follows:
*596 Briefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing and service, except that the parties should file only an original and one copy of each brief. The consequences of failure to timely file a brief will be the same as in the Supreme Court.
As stated by this rule, failure to timely file a brief is subject to the same consequence as would be applicable if the failure had occurred before the Mississippi Supreme Court. In order to determine the proper remedy, we must look to Rule 31(b) and (d) of the Rules of Appellate Procedure, which reads as follows:
Rule 31. Filing and Service of Briefs
(b) Time for Filing and Service of Briefs. The appellant shall serve and file the appellant’s brief within 40 days after the date on which the record is filed. The appellee shall serve and file the appellee’s brief within 30 days after service of the brief of the appellant. The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee. In cross-appeals, the appellant and cross-appellee may serve and file a combined responsive brief within 30 days after service of the combined brief of the appellee and cross-appellant. The cross-appellant’s reply under Rule 28(c) may then be served within 14 days after service of the appellant’s combined responsive brief.
(d) Consequences of Failure to File Briefs. If an appellant fails to file the appellant’s brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee or on the Supreme Court’s own motion as provided in Rule 2. If an appellee fails to file the appel-lee’s brief as required, such brief, if later filed, may be stricken from the record on motion of appellant or on the motion of the appropriate appellate court. An appellee who fails to file a brief will not be heard at oral argument except by permission of the court.
¶ 12. As stated by Rule of Appellate Procedure Rule 31(b) and (d), Truax was granted forty days after filing of the record in which to file his appellate brief. Failure to comply with this timeframe subjects one to the provisions of Rule 31(d) which states that the appeal may be dismissed upon motion of the appellee or on the Supreme Court’s own motion. The circuit court below dismissed Truax’s appeal pursuant to these rules and it can hardly be stated that a judge has abused his discretion by taking such an action clearly prescribed by our rules. Additionally, such action has been recognized as proper in our jurisprudence. See Zurich American Ins. Co. of Illinois v. Beasley Contracting Co., 779 So.2d 1132, 1134-35 (¶¶ 12-14) (Miss.Ct.App.2000). Therefore, Truax’s first contention is without merit.
¶ 13. Next, Truax argues that the Gulfport City Council erred by approving the special use permit and by allowing a zoning amendment. The applicable standard of review concerning matters of rezoning is limited and is stated as follows:
In order to re-zone property, it must be shown by substantial evidence that there was a mistake in the original zoning or that the character of the neighborhood has changed to justify reclassification, and that there is a public need for rezoning. Old Canton Hills Homeowners Ass’n v. Mayor of Jackson, 749 So.2d 54, 62(¶ 22) (Miss.1999). Judicial review is limited in matters involving re-zoning. “The zoning decision of a local governing body which appears to be fairly debatable will not be disturbed on appeal, and will be set aside only if it clearly appears *597 the decision is arbitrary, capricious, discriminatory, illegal or is not supported by substantial evidence.” Fondren North Renaissance v. Mayor of Jackson, 749 So.2d 974, 977(¶ 7) (Miss.1999); City of Biloxi v. M.C. Hilbert, 597 So.2d 1276, 1280 (Miss.1992). “Courts should not constitute themselves as a zoning board for a municipality.” McWaters v. City of Biloxi, 591 So.2d 824, 828 (Miss.1991).
The decision of a local governing board is presumed valid, and the burden is upon the person seeking to set it aside to show that it was arbitrary, capricious and unreasonable. Board of Aldermen, City of Clinton v. Conerly, 509 So.2d 877, 884 (Miss.1987); Walters v. City of Greenville, 751 So.2d 1206, 1211 (Miss.Ct.App.1999). If the re-zoning decision of the City of [Gulfport] is to be reversed, the residents appealing the decision bear the burden of proving that the decision rendered was arbitrary, capricious, discriminatory, or beyond the legal authority of the city’s board or unsupported by substantial evidence. McWaters, 591 So.2d at 827. The terms “arbitrary” and “capricious” were defined by our supreme court in Burks v. Amite County School Dist., 708 So.2d 1366, 1370(¶ 14) (Miss.1998) (citing McGowan v. Mississippi State Oil & Gas Bd., 604 So.2d 312, 322 (Miss.1992)). An act is arbitrary when it is not done according to reason or judgment, but depending on the will alone. “Capricious” is defined as any act done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles. Id.
Since “fairly debatable” is the opposite of arbitrary and capricious, if the decision to re-zone the property is found to be fairly debatable it must be allowed to stand. Fondren, 749 So.2d at 977.
Gentry v. City of Baldwyn, 821 So.2d 870, 872-73 (¶¶ 5-7) (Miss.Ct.App.2002).
¶ 14. In the case sub judice, the record indicates that the character of the neighborhood had been in decline for some period of time and that the humane society’s locating in the area would be beneficial. From the record, both the humane society as well as the residents in the subject area acknowledge the presence of vagrants around the proposed location and the record further indicates that the city has experienced problems with people using the proposed site as an area to deposit their trash. Lastly, the record states that a large amount of asbestos is present in at least one of the buildings located on the proposed site which would be professionally removed during remodeling, and that the buildings have been vacant and in a state of disrepair for a number of years.
¶ 15. Further, the record indicates that a need was present for the relocation and that the improvements to the existing facilities would increase the property values of the surrounding area. With such testimony present in the record, we cannot say that the decision to grant .the requested zoning change was arbitrary, capricious, discriminatory, or illegal, to the contrary, given this testimony, the decision of the city was at the very least, fairly debatable. Therefore, this issue is without merit.
II. WHETHER THE CIRCUIT COURT’S DISMISSAL OF TRUAX’S APPEAL WAS IN VIOLATION OF RULE 2 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE AND WAS, THEREFORE, AN ABUSE OF DISCRETION.
STANDARD OF REVIEW
¶ 16. The applicable standard of review for Truax’s second contention of error is the same as that addressed in Truax’s first *598 issue. As stated previously, the grant of a motion to dismiss is subject to the trial court’s discretion and this Court will only reverse when there has been an abuse of that discretion. Roebuck, 671 So.2d at 50.
DISCUSSION
¶ 17. Truax next argues that the dismissal of his appeal by the Circuit Court of Harrison County was in error, as the procedure applied in dismissing his appeal did not conform to Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure. This issue is raised for the first time on appeal, and “failure to raise the issue in the trial court bars it from being raised for the first time on appeal.” Zurich Am. Ins. Co., 779 So.2d at 1134(¶ 11) (quoting Riggs v. State, 744 So.2d 365, 372(¶26) (Miss.Ct.App.1999)). We note that Truax failed to raise this issue at any point before the circuit court, although numerous opportunities were available. As such, this issue is procedurally barred, and we decline to address this issue.
III. WHETHER THE CIRCUIT COURT’S DISMISSAL OF TRUAX’S APPEAL SHOULD BE REVERSED DUE TO EXCUSABLE NEGLECT.
DISCUSSION
¶ 18. Truax lastly argues that the dismissal of his appeal should be reversed due to excusable neglect by his former attorney. In support of this contention, Truax submits, as Exhibit A “under seal” to his brief, a letter from a board certified psychiatrist stating that his former attorney was prescribed pain medications for lower back disc herniations. The letter explains that as a side-effect to taking these medications, one may experience depression with symptoms of problems with concentration and motivation, as well as forgetfulness that can cause missed deadlines and other problems. Truax’s argument fails as these contentions are not properly before this Court and they are without merit.
¶ 19. First, by providing this document “under seal,” both the City of Gulfport and Humane Society of South Mississippi, Inc. have been denied an opportunity to meaningfully address these issues. Truax has not followed the proper procedures for filing a document under seal (see Mississippi Rules of Appellate Procedure, Rules 10(f), 25(b), and 48A(b) and (e)) and by doing so, has denied both the City of Gulf-port and Humane Society of South Mississippi, Inc. a meaningful opportunity to address this issue. Rather, both the City of Gulfport and Humane Society of South Mississippi, Inc. have been forced to resort to speculation in an effort to argue the issue. As stated by the Mississippi Supreme Court, “[t]his Court will consider only those matters that actually appear in the record and does not rely on mere assertions in briefs.” Touchstone v. Touchstone, 682 So.2d 374, 380 (Miss.1996) (citing American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995)). As such, the trial court cannot be held in error for issues never presented before it. American Fire Protection, Inc., 653 So.2d at 1390. As such, this issue is procedurally barred.
¶ 20. Truax’s argument fails for a second reason as well. During the hearing on the Humane Society’s and City’s motion to dismiss, Truax’s former attorney testified as follows:
[BY TRUAX’S FORMER ATTORNEY]: It was my assumption that we had as well received the documents that we requested directly from the city. It came to my attention—The person in our office that writes briefs is [a colleague of Truax’s former attorney]. And when she sat down and started to write these briefs, she brought to my *599 attention that there were no documents in our file involving the rezoning.
¶ 21. As is demonstrated by the record, Truax’s former attorney was not responsible for authoring the appellate brief. As such, any alleged medical condition which may have affected his attorney’s performance has no bearing on the failure to prepare the appellate brief. As such, this issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER AND BARNES, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J. ISHEE, J., NOT PARTICIPATING.